William K. Lockwood, adm'r., *c. t. a.,* of Thomas Candy, dec'd, David Stradley, Thomas Candy Stradley, Sally Stradley, William Candy Collins, Thomas Collins, Jr., Sally Collins, Benjamin Collins, Sophia Collins, Jr., Mary Ann Collins, Alexander Collins, John Collins, Susan Walker, Amelia Walker, Elizabeth Walker, James Walker, William Walker and Robinson Walker, Jr., infants, &c., by the said William K. Lockwood, their next friend,

*vs.*

Susanna Stradley, Thomas Collins, and Sophia, his wife, Robinson Walker, and Ann, his wife, and Sarah C. Brown, an infant.

*Kent County, Aug. T.* 1825.

T. C , by will. directed that his executors, thereinafter named, should sell and dispose of all his real and personal estate, wheresoever or whatsoever, at such time or times as they, or the survivor of them, could do it to the best advantage, and either at public or private sale, as they or he might think best in their or his discretion, &c. *Held,*

1. That under this provision no estate passed to the persons named as executors but that the real estate descended to the heirs at law of the testator.

2. That the persons named as executors having refused to take letters testamentary, an administrator, *c. t. a.,* has no authority, as such, to make the sale directed by the will. The direction to sell was a personal confidence in the executors named, and it cannot be executed by an administrator.

3. That this is such a trust as can be executed by the Court, the property given and the objects to be benefitted being certain.

4. That to make good a title, pursuant to a sale under a decree of the Court, the heirs at law of the testator are properly made parties and must be decreed to join in the conveyance of the estate.

5. That one of the heirs at law being an infant, a day must be given to her, after arriving at twenty-one years of age, to shew c.use against the decree ; and this, notwithstanding that her answer, made by a guardian, may have admitted the case to be as alleged in the bill.

BILL FOR SALE OF REAL ESTATE IN EXECUTION OF A TRUST.—This bill was filed under the following circumstances. Thomas Candy, deceased, by his last will and testament, dated May 15th, 1821, devised as follows :—

" Item—it is my will that my executors hereinafter named, and the survivor of them, do sell and dispose of all my real and personal estate, wheresoever and whatsoever, at such time or times as they, or the survivor of them, can do it to the best advantage, and either at public or private sale, as they or he may think best, in their or his discretion :—all moneys arising from such sales, as also from all other my estate whatsoever, I direct to be placed out and kept at use, on good and sufficient landed security, for the benefit of the hereinafter described legatees ; and, after the payment of my debts and the necessary expenses in settling my concerns and the specific legacy above mentioned, then I will that all the rest, residue and remainder, together with the interest which shall accumulate thereon, be divided into seventeen equal parts or shares, three of which parts or shares I give and bequeath to the children of my eldest sister, Susanna Stradley, which are now born and to those which shall hereafter be born to her, which shall attain to the age of twenty-one years, to be paid to them when and as they shall severally attain that age, in equal shares as tenants in common. Eight of the said parts or shares I give and bequeath to the children of my sister Sophia Collins which are now born, and to all such as she shall yet have, who shall attain the like age of twenty-one years, to be paid to them when and as they shall severally arrive at that age, in equal shares as tenants in common. The remaining six parts or shares I give and bequeath to the children of my sister Ann Walker,

300 LOCKWOOD, Adm'r., *c. t. a.*, ET AL., *v.* STRADLEY, ET AL.

Statement of the case.

already born, and to those which shall yet be born to her, who shall live to the age of twenty-one years, to be paid to all such children of my said sister Ann when and they shall severally arrive at that age, share and share alike, in common tenancy."

"Item—Should it so happen that all the children of either one or more of my before named sisters depart this life without attaining to the age of twenty-one years, in such case I give and bequeath the parts or shares of my estate which I have herein before bequeathed to and designed for such children so dying, to all such children of my other sisters as shall attain to the said age of twenty-one, that is to say, to all such children of my said sisters or sister named in this will, as shall attain to the age of twenty-one, to be divided among them equally as tenants in common, and to the survivor of them so attaining, if one child only."

"Item—As I have directed the sale of all my real estate, I hereby authorize and empower my executors hereinafter named, and the survivor of them, to sell and convey the same in fee simple to the purchaser or purchasers thereof; for which purpose the deed or deeds of my said executors, or the survivor of them, shall be good and effectual."

Gideon Cullen and Thomas Tomlinson were appointed executors of the will.

The testator, Thomas Candy, died in April, 1824. His will being thereupon admitted to probate, Gideon Cullen and Thomas Tomlinson, named therein as executors, refused to take letters testamentary and to execute the trusts of the will; whereupon, letters of administration, *c. t. a.*, were granted to William K. Lockwood, one of the complainants.

The testator left some personal estate, which was sold by his administrator, *c. t a.* He also died seised in fee simple of a farm or tract of land, situated in Kent county,

Delaware, containing about one hundred and fifty acres, and which comprised all of his real estate, the same being left by him subject to the provisions of his last will above set forth.   He left to survive him three sisters and one neice, his heirs at law, viz : a sister, Susanna Stradley, widow of David Stradley, dec'd ; a sister, Sophia Collins, wife of Thomas Collins ; a sister, Ann Walker, wife of Robinson Walker, and a niece, Sarah C. Brown, the daughter of a certain John Brown by another sister of the testator, who had intermarried with Brown and died in the testator's lifetime.

The bill set forth the above stated facts, and further alleged that the complainants, David Stradley, Thomas Candy Stradley and Sally Stradley, are the children of the said Susanna Stradley, deceased, and are entitled under the said will to three seventeenth parts of the estate, real and personal, of the testator ; that the complainants, William Candy Collins, Thomas Collins, Sally Collins, Benjamin Collins, Sophia Collins, Jr., Mary Ann Collins, Alexander Collins and John Collins, are the children of the said Sophia Collins, and are entitled to eight seventeenth parts of the estate of the testator ; and that the complainants, Amelia Walker, Elizabeth Walker, James Walker, William Walker, Susan Walker and Robinson Walker, Jr., are the children of the said Ann Walker, and are entitled to six seventeenth parts of the estate of the testator.

The complainants, by their bill, insisted that it was the manifest intention of said testator that his real estate, subject to the provisions of his will,should be sold at all events, &c ; and that the proceeds thereof, with all the moneys arising from his personal estate, except so much as was necessary to pay debts, funeral expenses, expenses of executing the will, and for payment of a legacy of $200.00, to one Jerusha Start, should, with the accruing interest, be paid to the complainants, the children of the said sisters

of the testator; that is, that three seventeenths, with
the accruing interest, should be secured to the com-
plainants, the children of the said Susanna Stradley,
or such of them as might attain the age of twenty-one
years, and to be paid as they severally arrive at that
age; and so as to the other complainants. That in
equity and good conscience the trusts of said will ought to
be executed, and the complainants ought to have secured
to them the benefits which said Thomas Candy intended
they should severally and respectively take under said
will. That the trusts of said will, so far as the same relate
to the sale of said testator's real estate, cannot be executed
without the intervention of a decree of this Court. That
no provision is made in said will for the contingency of the
executors, named in said will, refusing to take upon them-
selves the burden of the execution thereof, and that for
want of such provision, inasmuch as said executors named
in said will have renounced the execution thereof, there
is now no person upon whom (independently of a decree of
this Court,) the right to execute said trust in relation to the
said testator's real estate devolves.

The bill prayed that the trusts of the said Thomas Candy's
last will and testament might be executed by a decree of
this Honorable Court, providing for and ordering the sale
of the aforedescribed farm and tract of land, of which the
said Thomas Candy was seized as aforesaid, at the time of
making his will and at the time of his death, and securing
to complainants, the children of the said Susanna Stradley,
Sophia Collins and Ann Walker, the proceeds thereof,
according to the true intent and meaning of the said will
and testament; and for general relief.

A joint and several answer was filed on behalf of all
the defendants, including Sarah C. Brown, an infant,
whose answer was by John Brown, her guardian *ad litem*,
appointed by the Court.

The answer admitted the execution and probate of the

will of Thomas Candy, deceased, and the devises and bequests therein contained, the appointment of executors, and their renunciation, the appointment of the administrator, *c. t. a.*, and all the facts and matters set forth in the bill.

The cause was submitted to the Chancellor, at the August Term, 1825, upon the bill and answer, without argument.

*M. W. Bates*, for the complainants.

*Frame*, for the defendants.

Ridgely, Chancellor.—This case has been submitted to the Chancellor upon the bill and answer, without debate, and without any authorities being produced to him on either side, and it seems to be apparent that all the parties in this suit consider it to be a matter of course that a· decree should be made for the sale of the real estate of the testator, to give effect to his will.   One of the defendants, Sarah C. Brown, who is one of the heirs of the testator, is an infant; and that circumstance alone, according to the apparent disposition of the other defendants, who are also heirs and are of full age, has made it necessary to apply to this Court for the sale of the land; for had the whole estate descended to those alone, that is, to the heirs of full age, they might have conveyed the land without the aid of this Court.  But the infancy of Sarah C. Brown would render the title of the purchaser under the other heirs incomplete. The object now is to sell the land, notwithstanding the renunciation of the executors and the infancy of one of the heirs, according to the intention of the testator as expressed in his will.   But this cannot be effected finally, so as to conclude Sarah C. Brown, the infant; for the answer of the infant, by her guardian, will not conclusively bind her.   In the case of *Wrotterly vs. Bendish*, 3 *P. Wms.* 235,

*note, e,* it was ruled by Sir Joseph Jekyll, that where a defendant puts in an answer to a bill brought by an infant, who does not reply to it, the answer must be taken to be true, in regard that the defendant, for want of a replication, is deprived of an opportunity of examining witnesses to prove the answer, and he ought not to suffer from such omission in the plaintiff. But in *Legard vs. Sheffield,* 2 *Atk.* 377, Lord Hardwicke said that an infant can admit nothing, and therefore his not replying does not affect him ; and he directed evidence to be read to make out a pedigree stated by a defendant in his answer,—the infant plaintiff not replying to the answer,—that he might judge whether it was clearly made out that the defendant was an heir at law. The hearing must have been upon bill and answer, and the answer was not taken as true against the infant. And in *Bunbury,* 338, *Strudwick vs. Pargiter, an infant,* it was ruled that no exceptions could be taken to an infant's answer put in by his guardian ; by which he could not be concluded and might amend when he came of age. And so, in *Copeland vs. Wheeler,* 4 *Bro. Ch. Rep.* 256, it was admitted that exceptions will not lie to an infant's answer.

The course in such a case is for the cause to proceed, and, should there be a decree against the infant, to give him a day after he comes of age to show cause against the decree, provided he has such cause. By this will of Thomas Candy the real estate is not devised to any one, but has descended to the heirs at law, and consequently they are properly made parties ; and, according to the authorities, a day must be given to the defendant, Sarah C. Brown, who is an infant. In *Cook vs. Parsons, Prec. in Chan.* 184 : 2 *Vern.* 429, on a bill of review, an error was assigned that the lands were decreed to be sold pursuant to the will, without giving a day to the heir, an infant, to show cause after he came of age ; but this was held to be no error, because the land was devised to trustees, so that nothing descended to the infant, and there was no decree against him

to join, and the trustees might have sold without coming to the Court for direction ; yet it is there said, that if they do come it may be a question if the infant ought not to have a day to show cause ; but it was not needful there as nothing descended to him,nor was there any decree against him to convey. In this suit, there will be a decree against the infant Sarah C Brown, and she will be directed to join in the conveyance.

*Scarth v. Cotton, Cas. temp. Lord Talbot,* 198, is a remarkable instance of the parol demurring. An estate had been conveyed in trust to be sold to pay debts and incumbrances upon it, and then in trust for the grantor's own right heirs. The grantor died. A bill was filed by a bond creditor for the sale of the estate against the trustee and the heir, an infant. The infant by her answer insisted that being an infant, the parol ought to demur because, although it was a trust for paying off incumbrances which then affected the same, yet as to the residue it was only assets. The Lord Chancellor thought that although in this case it would be to the infant's prejudice to take advantage of the law, because the interest would outrun the rents and profits of the estate ; yet, it being mentioned in the pleadings, he said he could not avoid ordering it, although the counsel would have waived the objection. And so an order was made to take an account of what was due to the plaintiff, but all proceedings to stay until the infant defendant came of age, and the plaintiff to pay all parties their costs except the infant and to have them again out of the estate. In *Blatch vs. Wilder,* 1 *Atk.* 420, 421, it was adjudged that where lands are devised to trustees to be sold for payment of his debts, and the heir is an infant, he has no day given him ; otherwise,when there is no devise expressly to any particular person, for in that case he has his day. There, the land was not expressly devised, and it was directed that the infant, the customary heir of copy-hold premises, should join in the sale thereof on attaining the

306  Lockwood, Adm'r., *c. t. a.*, et al., *v.* Stradley, et al.

Opinion :—practice as to parol demurring.

age of twenty-one years, unless within six months after he shall attain such age, he show good cause to the contrary,—and the purchaser of the copy-hold, in the mean time, to hold and enjoy the same.

In *Uvedale vs. Uvedale*, 3 *Atk.* 117, I. W. by his will directs his real estate to be sold after his wife's death and the money arising therefrom to be equally divided between R. U. and five other persons   The bill is brought by the widow, a creditor.   R. U. is an infant, and as heir at law to the testator had the legal interest in the estate. Although the usual practice is for the parol to demur, yet it being for his (R. U's) interest that the estate should be sold, and as in this case there was a trust to be performed and the Court can  see to the proper application of the money, Lord Hardwicke decreed a sale, but declared at the same time that he did not mean by this direction to break in upon the rule of parol demurring.

There was a decree of foreclosure against an infant on a  mortgage, with a day to show cause, in *Goodier vs. Ashton*, 18 *Ves. Jr.* 83, but this has been altered in *Mondey vs. Mondey*, 1 *V & B.* 223, where an order was made directing, in case the mortgages consent to a sale, an inquiry whether it would be for the infant's benefit.   See *Fountain vs. Caine & Jeff's.*, 1 *P. Wms.* 504.

It is evident from all the  cases, and from principle too, that when the estate directed to be sold has not been devised away, but has descended to the  heirs at law, they should be  decreed to join in the sale, (an infant heir after attaining the age of twenty-one years),and that a day should be given to the infant, after arriving to the age of twenty-one years, to show cause.   In the present case, the testator has not devised the estate to any one, and therefore it is the estate of the heirs; and the sale to be decreed will be of their legal estate, subject to the trust created by the will of the testator and for the  purpose of having the trust executed.

The principal question under this will is whether this is a trust to be executed by this Court, or whether it is a mere power which this Court cannot execute.

The testator devised thus,—"It is my will that my execu-" tors hereinafter named, and the survivor of them, do sell " and dispose of all my estate, real and personal, whereso-" ever and whatsoever, at such time or times as they, or " the survivor of them, can do it to the best advantage, and " either at public or private sale, as they or he may think " in their or his discretion.   All moneys arising from such " sales, as also from all other my estate whatsoever, I " direct to be placed out and kept at use, on good and suffi-" cient landed security, for the benefit of the hereinafter " described legatees ; and after the payment of my debts " and the necessary expenses in settling my concerns  and " the specific legacy above mentioned, then I will that all " the rest, residue and remainder, together with the inter-" est which shall accumulate thereon, be divided into " seventeen equal parts or shares, three of which parts or " shares I give and bequeath to the children of my eldest " sister Susanna Stradley which are now born, and to those " which shall hereafter be born to her, who shall attain to " the age of twenty-one years, to be paid to them when " and as they shall severally attain that age in equal shares " as tenants in common."   So, he gave eight parts of said money and interest to the children of his sister Sophia, born or to be born, and the remaining six parts to the children of his sister Ann Walker, born or to be born ; and then he provided for the death of any of the children.

By the renunciation of the executors the trust has not been executed, and the administrator, William K. Lockwood, cannot execute it by any authority he now possesses. The authority to sell was given to the executors.   It was a confidence placed in them by the testator.   It was personal, and cannot be performed by the administrator.   *Yates vs. Compton*, 2 *P. Wms.* 308, was a case very similar to this.

There, the testator devised that his executors should sell land, and with the money arising from that sale and the surplus of his personal estate should purchase an annuity of £100 to J. S. for life, out of which she should maintain her children ; and he gave £30 to each child, to be raised out of said annuity ; and the personal estate he should die possessed of and the over plus he gave to J. S., and made B. and C. executors. The testator died, and the said J. S. died within three months after. The executors renounced. Administration with the will annexed was granted to Yates, the plaintiff, who was also the administrator of J. S. the intended annuitant. He, with the children of said J. S. brought the bill against the heir of the testator to compel him to join in a sale of the lands; and it was decreed that the land should be sold. Now if the administrator could have sold the land no bill would have been brought, nor any decree made, for that purpose. In Pennsylvania, *Moody's lessee vs. Van Dyke,* 4 *Binn. R.* 31, it was adjudged that administrators with the will annexed could not sell where the executors had renounced, and such is the law here.

As the executors have renounced, and as Lockwood, the administrator with the will annexed, has no authority to sell, this becomes a trust to be executed by this Court:— for this land and personal estate is clearly and explicitly given to the children of the testator's sisters. The Master of the Rolls, in *Pierson vs. Garnett,* 2 *Bro. Ch. Rep.* 38, says that Lord Thurlow in *Harland vs. Trigg,* 1 *Bro. Ch. Rep.* 142, and in *Wynne vs. Hawkins,* 1 *Bro. Ch. Rep.* 179, has laid down the true principle, that where the property to be given is certain and the objects to whom it is given are certain, there is a trust to be executed. See 2 *Bro. Ch. Rep.* 226.

In the cases of *The Duke of Marlborough vs. Godolphin,* 2 *Vesey, Sr.* 61 : *Harding vs. Glynn,* 1 *Atk.* 469 : *Brown vs. Higgs,* 4 *Ves. Jr.* 708; 5 *Ves. Jr.* 495 : 8 *Ves. Jr.* 561, and

in many other cases there cited, much controversy arose on the non-execution of a power and a trust, and on the difference between a power and a trust; but as, according to all those cases, this is a trust, there can be no doubt that the Court can cause it to be executed.

A decree was entered for the sale of the lands and premises described in the bill, to be made by William K. Lockwood, a trustee appointed for that purpose by the Chancellor; and that the proceeds of such sale, after the payment of all costs in the cause, should be applied by the said trustee according to the trusts of the last will and testament of Thomas Candy, deceased. The decree further directed that the heirs at law of the testator (who were parties to the cause,) should join with the trustee in a deed conveying the premises to the purchaser thereof. And with respect to the infant, Sarah C. Brown, who was one of the heirs at law, it was decreed as follows, viz;

" And it is ordered, adjudged and decreed by the Chan-
" cellor, that the said Sarah C. Brown, one of the defend-
" ants, do, when she, the said Sarah C. Brown, arrives at
" the age of twenty-one years, convey and assure to such
" purchaser, his heirs and assigns forever, by a good and
" sufficient deed, the said lands and premises, with the
" appurtenances, and that she acknowledge the same in
" due form of law. And it is ordered, adjudged and decreed
" by the Chancellor, that this decree is to be, and shall be,
" binding upon the said Sarah C. Brown, the infant, unless
" she, the said Sarah C. Brown, shall in six months after
" she shall attain the age of twenty-one years (being served
" with process for that purpose,) show unto this Court good
" cause to the contrary; and in the meantime that the
" said purchaser do hold and enjoy the said land and
" premises with the appurtenances "