JOSEPH P. CHANDLER and ELIZABETH his wife, by GREGG CHANDLER, her next friend, JOHN NOBLIT and REBECCA R. his wife, by J. H. NOBLIT, her next friend, THOMAS McCLARY and MARGARET A. his wife, by SAMUEL McCLARY, JR., her next friend, DEBORAH HENDRICKSON, PETER G. HENDRICKSON, DEBORAH A. HENDRICKSON, ANDREW M. CLOUD and MARGARET his wife, by WILLIAM F. CLOUD her next friend, JOHN RAMBO and MARY P. his wife, by W. N. CHANDLER, her next friend, C. ALFRED GARRETT and SARAH S. his wife, by ELWOOD GARRETT, her next friend,

*vs.*

JAMES DELAPLAINE and MARY his wife, PETER DELAPLAINE, WILLIAM ARMSTRONG and HESTER ANN his wife, ELIZABETH DELAPLAINE, DAVID SNODGRASS and MARY JANE his wife, GEORGE HAMILTON and CAROLINE his wife, JAMES L. DELAPLAINE and REBECCA his wife, ROBERT L. ROBINSON and FRANCIS E. his wife, ADALINE HENDRICKSON, JOSEPH L. CARPENTER and ADALINE his wife, JOSEPH G. HENDRICKSON, ELLEN HENDRICKSON, WILLIAM P. HENDRICKSON, SALLIE B. HENDRICKSON, AMANDA HENDRICKSON, JANE E. HENDRICKSON, ALEXANDER RALPH and REBECCA E. his wife, and SAMUEL A. HENDRICKSON.

*New Castle, Sept. T. 1872.*

Where a testator devised lands to his wife for her life, or widowhood ; after her death or marriage, to his son Peter for life, and after the death of the son, to be sold and the proceeds divided among certain children, *Held*, that the direction for a sale could not be executed by the administrators, d. b. n. c. t. a., under *Rev. Code Ch.* 90, *Sec.* 17.

BILL IN EQUITY.—This bill was filed by the complainants to obtain a construction of the provision in the will of Peter Hendrickson, Senior, deceased, directing sale of his real estate.

The testator died June second, 1843, seized of the real estate in question. Those portions of his will which were material are as follows :—"Item. My will is that "all my just debts and funeral expenses be paid as soon as "convenient after my decease. I then give unto my beloved "wife Rebecca Hendrickson, all my tavern house, out-"houses and all the lands belonging thereto and all my "personal property as long as she remains my widow and "no longer, and at the expiration of her widowhood, my "personal property which I have left to my wife, to be "divided between my three daughters, Elizabeth, Rebecca "and Margaret Annah Hendrickson, share and share "alike.

"Item second. I then give unto my son Peter all "my tavern house, out-houses and lands and marsh be-"longing thereunto during his natural lifetime, at the "expiration of my wife's widowhood, and at my son's, "Peter's death, the tavern house and out-houses and "lands belonging unto to be sold and be divided between "my three daughters Elizabeth, Rebecca and Margaret "Annah Hendrickson, the one-half to be theirs and the "remaining half to my son Peter's wife, Deborah, as long "as she remains his wife or widow and no longer, and "then the said half to be divided among my son Peter's "surviving children share and share alike if any; if "there should not be any, their half to be divided between "my daughter Mary Delaplaine's children share and "share alike.

The widow, Rebecca Hendrickson, was appointed executrix and became duly qualified as such.

The testator left to survive him his widow Rebecca

Hendrickson, who died June 9, 1871, and several children of whom Elizabeth, wife of Joseph P. Chandler, Rebecca R. wife of John Noblit, and Margaret A. wife of Thomas McClary were complainants.

Peter Hendrickson Jr., died, intestate, November 28, 1838, leaving to survive him his widow Deborah and five children all of whom were also complainants. The defendants were the other heirs at law of Peter Hendrickson, senior. After the death of the widow and executrix of the testator, letters of administration d. b. n. c. t. a. were granted unto Joseph P. Chandler, Thomas McClary and John Noblit, who were complainants.

Upon Mrs. Hendrickson's death, the time arrived at which the property should be sold and the proceeds distributed by the will, but no person having been appointed by the will to make the sale, the object of the bill was to obtain the appointment of a trustee to make the sale.

There was no contest in the case, the only question being whether, under the provisions of chapter 90, sec. 17 of the revised code,* it was competent for the administrators d. b. n. c. t. a. to execute the direction to sell and to convey a good title, the sale not being directed to be

---

* The section referred to is as follows :—" Sec. 17. If, by any will, authority be given to several executors, or other persons, to sell real estate, if one or more of them die before the complete execution of said authority, such authority shall survive : and if, by any will, real estate be devised to be sold, and no person be authorized to make said sale, the person or persons, having the execution of the said will, or the survivors or survivor of them, if several, shall have authority to sell said real estate in execution of said devise and if by any will authority be given to an executor to sell real estate, and the person so named as executor therein shall die, or be removed, or discharged from his office of executor before the execution of said authority, or shall refuse or neglect to give bond, or renounce, or is incapable, the person or persons having the execution of the said will, or the survivor or survivors of them, if several, shall have authority to sell said real estate in execution of said devise, *Provided*, that nothing in this section, shall contravene any express direction contained in any will."

made until the death of the person appointed to execute the will.

The prayer was for the appointment of a trustee to sell and for a sale of the land and distribution of the proceeds.

*G. H. Bates*, for the complainant.

*Lore*, for the defendants.

THE CHANCELLOR :—

It is clearly necessary in order to carry into effect the provisions of the will of Peter Hendrickson Senior that the lands and premises mentioned in the will shall be sold and the proceeds thereof divided among the parties entitled, according to their several and respective interests. And there is no person named in the will to carry into effect the direction to sell.

Upon a proper construction of the provisions of the will touching the sale, it is clearly not a direction for the sale of the real estate for the mere purpose of the conversion of the same into money and for the distribution thereof as part of the personal estate in the hands of the executor or of the administrator or administrators *de bonis non, cum testamento annexo.* I do not consider, therefore, that the provision is within the true intent and meaning of *Section* 17 of *Chapter* 90 of the *Revised Code*, touching the execution of the power of sale under the last will and testament where no person is authorized by such last will and testament to make the sale.

The scope of the section referred to does not seem to be applicable to a case in which, by the plain and unambiguous meaning of the will the power of sale could, under no circumstances, have been carried into effect by the executor, but here, the time at which the sale is directed to be made might not arrive, in case, as was the fact, the tes-

tator's widow had not married, until the death of the person appointed executor of the will. I do not consider therefore, that the exercise of the power of sale, and distribution can be made by the administration *de bonis non, cum testamento annexo*; but it must be executed by this Court by the appointment of a trustee to make sale of said premises and by the distribution of the proceeds thereof under a decree of the Court pursuant to the instructions of the will. A trustee therefore, will be appointed by the Court to make the sale and such proceedings had thereon as are usual in such cases. But in order that the title to be taken, by any person, of the premises sold, may be relieved of any and all doubt, touching the validity of the sale, which might arise out of the construction of the statute before referred to, the decree may embody an order that in any conveyance or conveyances to be made by the trustee under the future order of the Chancellor, the administrators *de bonis non, cum testamento annexo*, of Peter Hendrickson, deceased, shall join as parties grantor.

A decree was accordingly made, directing the sale of the property by the trustee. And the sale thereunder was made and confirmed and the proceeds distributed, and the administrators joined in the deed pursuant to the decree.

NOTE. In *Lockwood vs. Stradley*, 1 *Del. Ch.*, 298, it was held by Chancellor Ridgely, that where the will directed the executors to sell all the estate of the testator, real and personal, and distribute the proceeds among certain named legatees, no estate was vested in the executors and the real estate descended to the heirs at law.

The trust in the executors to sell was a personal confidence, and could not be executed by the administrator with the will annexed, but the trust may be executed by the Court where the property given and the objects benefitted were certain. Accordingly, a decree was entered for the sale of the lands described in the bill, to be made by a trustee appointed, for the purpose, by the Chancellor and the proceeds of sale were applied by the trustees according to the trusts of the last will and testament of Thomas Candy, deceased. In that

case, it being held that the real estate descended to the heirs at law, in order to make a perfect title under the order of sale made, all the heirs at law of the testator were directed in the decree to join with the trustee in the deed conveying the premises to the purchaser.

This case was determined in 1825, four years prior to the passage of the first act upon the subject now embodied in Section 17, of Chapter 90, of the Revised Code, 7 Del. Laws, 272. At that time, if there were any doubt as to the title to be made under a sale by the trustee appointed by the Court, it would manifestly have been cured only by the course adopted by Chancellor Ridgely of joining the heirs at law as grantors in the conveyance. In as much as after the passage of the amendment to Section 17, of Chapter 90, of the Revised Code contained in Chapter 79, Vol. 14, any doubt as to the title to be made by the trustee appointed by the Court would be relieved by the course adopted in the present case, the analogous course of joining all the adminis-trators was adopted.

The case of *Lockwood vs. Stradley* will be found re-printed in 12 *Am. Dec.* 97, with a very full note upon this subject.

See also, *Curran Admx. vs. Ruth, ante p. 27.*