Drummond v. Jones.

The administrator *cum testamento annexo* of Peter Drummond, deceased,

*v.*

Charles J. Jones.

1. Where a power of sale is given to a particular person, by words indicating personal confidence or special reliance on his judgment, no one but the specified donee can exercise it.

2. But where the power is annexed to the office of executor, and it is created to enable an executor to perform his duties, there, although the words creating it indicate that the donee may exercise discretion, yet it will be held to belong to the office, and may be exercised by any person who may happen to fill the office.

On final hearing on bill and answer.

*Mr. Robert Allen, Jr.*, for complainant.

*Mr. Isaac C. Kennedy*, for defendant.

Van Fleet, V. C.

This is a suit for specific performance. The case presents but a single question, and that is, whether the complainant is legally competent to make a good title to the lands which the defendant has agreed to purchase? The defendant, in August, 1887, entered into a written contract with the complainant, to purchase of him, as the administrator with the will annexed of Peter Drummond, a farm, situate in the county of Monmouth, containing about two hundred and sixty-four acres, for $31,600. Since his purchase, the defendant has been advised by counsel, that it may be doubtful, whether the power of sale contained in the will, under which the complainant acted in making the contract, ever vested in the complainant, and consequently, whether he is competent to pass a valid title to the lands in question. This suit has been brought to dispel these doubts.

Both of the persons named in the will as executors died in the testator's lifetime. It is not disputed that the complainant, on his appointment as administrator *cum testamento annexo*, became invested with all the powers necessarily belonging and incident to the office of executor, but the subject on which doubts are entertained, is, whether the power of sale contained in the will, is not expressed in such form as to show, that the testator meant to give the power to the persons named as executors, alone, to be exercised upon their joint judgment; in other words, whether he did not mean to make the power personal to them, and to exclude any person who might succeed to their office, from exercising it. This question, like all others involving the construction of wills, must be determined by the intention of the testator as expressed in his will.

Where a power of sale is given to a particular person, by words indicating personal confidence or special reliance on the judgment of that particular person, as that the power shall not be exercised except the donee decides that its exercise is necessary or proper, there, it being manifest from the words of the grant, that the creator of the power meant to leave the question, whether the power should be exercised or not, wholly dependent on the judgment of the donee, no one, in such a case, can exercise it but the donee. *Chambers* v. *Tulane, 1 Stock. 146; Naundorf* v. *Schumann, 14 Stew. Eq. 14.* But where the power is annexed to the office of executor, and it is created to enable an executor to perform the duties imposed on him by the will, there, although created by words giving the executor a right to exercise a discretion as to the time or the method of sale, the power will be considered impersonal, and as a thing incidental to the office, which may be used by any person who may be charged with the duties of the office. In such cases, said Chief-Justice Beasley, in *Weimar* v. *Fath, 14 Vr. 1,* "the power is annexed to the office, and not to the specified donee of the power." The chief-justice also said, in substance, in the same case: When, instead of there being an express designation of individuals, there is a designation, as recipients of the authority, of a class of officers, there it will be understood that the power is intended to be lodged, not in any

Drummond v. Jones.

particular individual, but in all persons, who may, at any time, fill such office.

The testator in this case, after giving four pecuniary legacies of $100 each, gave one of the persons, whom he nominated to be executor, the free use, during the devisee's life, of his woodland, with liberty to cut and use at his own discretion, but not to sell. All the residue of his estate, both real and personal, he gave absolutely to his three youngest sisters, naming them; and his will then says:

"I order and direct my executors to sell my real estate, in such manner as they may think proper, either altogether or in lots, and divide the net proceeds amongst my three youngest sisters."

No objection is made by either of the three sisters to the complainant's putting in force the power of sale. It must, therefore, be assumed that they assent to its exercise. The only thing left to the discretion of the executors is the manner in which the sale shall be made. They are to sell " in such manner as they may think proper, either altogether or in lots." This, in the language of the chief-justice, in Weimar v. Fath, is but a common discretion, such as is made use of in the transaction of ordinary business. The executors would have been bound to exercise a discretion of this kind, even if the words, "in such manner as they may think proper, either altogether or in lots," had been omitted. The addition of these words, gives no power and imposes no duty, which would not have existed if they had not been used. The discretion they are to exercise is one which the law invests them with, and they would be bound to exercise it, in the discharge of their duties, whether authorized by express words to do so or not. These words do not, therefore, furnish the slightest evidence that the testator meant that the power of sale should be exercised by the persons named as executors alone, and not by a person who should succeed to their office. There are indications in the will that a contrary intent existed in the mind of the testator. It will be observed, in the first place, that the testator's will cannot be executed, in the manner he directs, unless the power of sale is

exercised. Sale of his real estate is to be made in order that the proceeds may be divided among his three youngest sisters. It will also be remembered, that one of the persons named as executor is given a life right to take wood from the testator's woodland. The gift of the residuary estate is made subject to this right. It cannot be believed that the testator intended that his woodland should be sold while this right remained in force. A sale of it subject to this right, he must have seen, would very perceptibly reduce the price to be obtained. The probabilities are that he did not intend that the woodland should be sold until this right had expired by the death of the devisee. If so, it is manifest that he neither intended, nor expected that the power of sale would be exercised by both executors, and upon their joint judgment alone. What he unquestionably meant was to annex the power to the office, so that, when the proper time arrived, it might be exercised, by whoever might fill the office, for the benefit of his beneficiaries.

The complainant is entitled to a decree.