MAXWELL OCHELTREE, Administrator, d. b. n. c. t. a., of MAX-
WELL B. OCHELTREE, deceased, vs. SAMUEL A. McDANIEL.

*Case Stated—Will; Construction of—Power Given to Executor to
Sell Real Estate—Sale made by Administrator, d. b. n.
c. t. a.—Sale Valid.*

A testator by his last will and testament provided as follows: I will and direct
that upon the arrival of my youngest son at the age of twenty-six years, my wife as
the executrix of this my will, shall sell my farm in Mill Creek Hundred, and for that
purpose, I do hereby vest in my said executrix full power and authority to sell and
convey the said farm or tract of land in fee simple, in as full and ample a manner in
every respect as I myself could do if living; and such sale to be either by public or
private sale as my said executrix may determine, etc. *Held* that a sale of the said
real estate by an administrator, d. b. n. c. t. a., was a good and valid execution of
the power contained in the will.

(*July 1, 1903.*)

LORE, C. J., and GRUBB and PENNEWILL, J. J., sitting.

*Walter H. Hayes* for plaintiff.

*Francis H. Hoffecker* for defendant.

Superior Court, New Castle County, May Term, 1903.

AMICABLE ACTION, Case (No. 185, May Term, 1903).

Case stated filed showing the following facts:

*First.* That Maxwell B. Ocheltree, was in his life time the
owner in fee simple of a farm or tract of land situate in Mill Creek
Hundred, county and State aforesaid, described in a certain deed
of Margaret Ocheltree to him, the said Maxwell B. Ocheltree,
bearing date the seventh day of November, A. D. 1839, and duly
recorded in the office for Recording Deeds, in and for New Castle
County, in *Deed Record E., Vol. 5, page 162,* the nineteenth day
of December, A. D. 1839, as by reference unto the said record

here present and made a part of the case, will more fully appear.

And the said Maxwell B. Ocheltree, being so thereof seized, as aforesaid, departed this life on or about the tenth day of February, A. D. 1884, having first made in writing his last will and testament, dated the twenty-fourth day of March, A. D. 1882, and duly proved the twenty-sixth day of February, A. D. 1884, and letters testamentary thereunder, were granted by the Register of Wills in and for New Castle County, unto Elizabeth E. Ocheltree, the widow of the said testator and the executrix therein named, as by reference unto the record of the said will, duly recorded in the Office of the Register of Wills, in and for New Castle County, in *Will Record H, Vol. 2, page 27*, which said record is now present and made a part of this case, will more fully appear.

The said last will and testament of the said Maxwell B. Ocheltree, *inter alia*, contains the following direction which said direction relates and refers to the farm or tract of land aforesaid.

" *Fifth.* I will and direct that upon the arrival of my youngest son Samuel, at the age of twenty-six years, my wife, Elizabeth E. Ocheltree, as the executrix of this my will, shall sell my farm in Mill Creek Hundred, and for that purpose, I do hereby vest in my said executrix full power and authority to sell and convey the said farm or tract of land in fee simple, in as full and ample a manner in every respect as I myself could do if living, and such sale to be either by public or private sale as my said executrix may determine, and out of the net proceeds of said sale, I give and bequeath one-third part absolutely, to my said wife, Elizabeth E. Ocheltree, and this bequest to be in lieu and bar of her dower out of my estate.

" *Sixth.* I give and bequeath unto my wife, Elizabeth E. Ocheltree, the remaining two-thirds of the proceeds of the sale of the said farm upon the trusts, uses and purposes hereinafter mentioned, that is to say; upon the trust that she will invest the same

in good and safe securities and pay the interest arising therefrom semi-annually, to my three sons, Joseph L. Ocheltree, Maxwell Ocheltree and Samuel Ocheltree, for and during the terms of their natural lives, and from and immediately after the decease of any one of my said sons then as to the principal so invested in trust; to pay the one-third part thereof absolutely to all and every the child or children which my said son so dying shall leave, and the lawful issue of any of them who may then be deceased, having left such issue to be equally divided between them, share and share alike, such issue of any deceased child or children of either of my said sons, so dying taking however, only such part or share thereof as his, her or their deceased parent or parents would have had and taken, had he, she or they been living, and in case either of my said sons shall die leaving no child or children surviving him, then in trust to pay the said one-third part of said principal to the heirs-at-law of such son."

*Second.* That the said Elizabeth E. Ocheltree departed this life on or about the tenth day of August, A. D. 1888.

*Third.* That the said Samuel Ocheltree has long since attained the age of twenty-six years, to wit, on the       day of       A. D. 1893.

*Fourth.* That on the ninth day of December, A. D. nineteen hundred and two (1902), letters of administration, *de bonis non cum testamento annexo,* upon the estate of the said Maxwell B. Ocheltree, were duly granted by the Register of Wills, in and for New Castle County, unto Maxwell Ocheltree, as by reference unto *Will Record Z, Vol. 2, page 201,* now present, and made a part of this case, will more fully appear.

*Fifth.* That under and by virtue of the power and authority of the said letters of administration, d. b. n. c. t. a., granted unto the said Maxwell Ocheltree, as hereinbefore recited, he, the said Maxwell Ocheltree, after due public notification and advertisement,

exposed the said farm or tract of land belonging unto the said late Maxwell B. Ocheltree, as hereinbefore recited, on the nineteenth day of January, A. D. 1903, and sold the same unto the said Samuel A. McDaniel, for the sum of eighty-one hundred and fifty-six dollars and fifty cents ($8156.50); and he, the said Samuel A. McDaniel, did, on the said day, pay unto the said Maxwell Ocheltree, administrator, d. b. n. c. t. a., as aforesaid, the sum of eight hundred and fifteen dollars and sixty five cents ($815.65), being the ten per centum of the said purchase money of the said sale, in accordance with the terms and conditions of said sale.

*Sixth.* That upon the arrival of the said Samuel Ocheltree, youngest son of the said Maxwell B. Ocheltree, at the age of twenty-six years, as aforesaid, and from thence up to the nineteenth day of January, A. D. 1903, the day upon which said tract of land was so sold to the said Samuel A. McDaniel, as aforesaid, the heirs of the said Maxwell B. Ocheltree, deceased, made repeated and continued efforts to sell said farm or tract of land, but owing to the condition of the real estate market, they were unable during said time to procure any offer for it which was adequate for the same or near its true value in money.

*Seventh.* That one of the conditions of the sale of said farm to said Samuel A. McDaniel, on the nineteenth day of January, A. D. 1903, (which conditions were in writing and signed by both plaintiff and defendant), was that the balance of the purchase money should be paid to the said plaintiff on or before the fourteenth day of March, A. D. 1903, and that another of the conditions of the said sale was that upon the payment as aforesaid, by the said Samuel A. McDaniel, to the said plaintiff, of said balance of said purchase money, that he, the said plaintiff, would make, execute and deliver unto the said Samuel A. McDaniel a good and sufficient deed, conveying said real estate unto the said Samuel A. McDaniel, in fee simple.

*Eighth.* That on the said fourteenth day of March, A. D. 1903, the said plaintiff, was ready and willing and still is so ready and willing, to make, execute and deliver said deed as aforesaid, upon the payment by said defendant to said plaintiff, of the balance of the said purchase money, with interest thereon, at the rate of six per centum per annum, from the twenty-fifth day of March, A. D. 1903; that the said plaintiff has so tendered himself ready and willing to the said Samuel A. McDaniel; that the said plaintiff on the said fourteenth day of March, A. D. 1903, demanded of the said Samuel A. McDaniel, that he pay unto him, the said plaintiff, the said balance of said purchase money; nevertheless, the said Samuel A. McDaniel refused, and still does refuse, so to do, for the reason, as he alleges, that said plaintiff had and has no authority in law to make the sale as aforesaid, or to convey said land or real estate unto him the said Samuel A. McDaniel, in fee simple or otherwise.

If the Court shall be of the opinion that the said Maxwell Ocheltree, as administrator, *de bonis non cum testamento annexo,* of the late Maxwell B. Ocheltree, deceased, had power and authority as such administrator, as aforesaid, to make said sale and has power and authority as such administrator, to make, execute and deliver unto the said Samuel A. McDaniel, a good and sufficient deed for the said farm or tract of land hereinbefore mentioned, and convey unto him the said Samuel A. McDaniel, the said farm or tract of land in fee simple, in as full and ample a manner in every respect as the said Maxwell B. Ocheltree himself could do if living, then judgment to be entered for the plaintiff for seven thousand three hundred and forty dollars and eighty-five cents ($7340.85) with interest thereon at the rate of six per centum per annum, from the twenty-fifth day of March, A. D. 1903, besides the costs of suit. Otherwise, that judgment shall be entered for the defendant for costs.

LORE, C. J.:—We think that the whole matter here turns upon the question of whether or not they were confined by the terms of

the will to this one party, and that the burden is therefore upon Mr. Hoffecker.

*Francis H. Hoffecker, for defendant:*—The persons named as executors having refused to take letters testamentary, an administrator c. t. a. has no authority as such to make the sale directed by the will.

The direction to sell was a personal confidence in the executors named and it cannot be executed by the administrator.

*Lockwood, admr. c. t. a. et. al. vs. Stradley et. al., 1 Del. Chancery, 298 ; Frost vs. McCaulley et. al., 7 Del. Chancery, 493, 162.*

The duties of an executor resulting from the nature of his office devolve upon an administrator with the will annexed when the authority is not necessarily connected with a personal trust and confidence reposed in the executor by the testator.

*1 Williams on Executors 528 ; Farwell vs. Jacobs, 4 Mass., 634 ; Knight vs. Loomis, 30 Maine, 204 ; Brush vs. Young, 28 N. J., 237 ; Ross vs. Barclay, 18 Penna. St., 179.*

*See Revised Code, p. 692, Section 17.*

*Walter H. Hayes, for plaintiff:*—The provisions in the will of Maxwell B. Ocheltree, authorizing and directing his executrix, therein named, to sell and dispose of the real estate in question, after the arrival of his youngest son at the age of twenty-six years, is directory merely; the execution of said power of sale by his administrator, d. b. n. c. t. a., as set forth in the case stated, is a good and valid execution of said power of sale.

*Wilds vs. Bergen, 16 Hun., 127 ; Waldron vs. Schlang, 47 Hun., 252 ; Slaters App., 43 Pa. St., 83 ; Fahenstock vs. Fahenstock, 152 Pa. St., 56 ; Marse vs. Love, 42 N. J. Eq., 112 ; Phillips vs. Davies, 92 N. Y., 199 ; Mott vs. Ackermann, 42 N. Y., 539 ; Hale vs. Hale, 137 Mass., 168.*

We rely upon the statute (*Revised Code (1893) Chap. 90, p. 692, Sec. 17*, which amended the law upon which the decision in *Lockwood vs. Stradley (1 Del. Chancery, 298) was based.*

LORE, C. J.:—After 'a careful consideration of the facts set forth in the case stated and of the arguments upon the same, the Court feel constrained to order that judgment be entered for the plaintiff for $7555.36.

Judgment for plaintiff for $7555.36.