DOROTHEA C. ESSER and HENRY E. BALLING, Administrator d.b.n.c.t.a. of the ESTATE OF HELENA M. NURNBERG,

*vs.*

STANLEY CHIMEL and STEPHANIE CHIMEL, his wife.

*New Castle, March 10, 1943.*

*Everett E. Borton,* for complainants.

*Benjamin N. Brown,* for defendants.

HARRINGTON, Chancellor: The complainants seek to compel the defendants to perform their contract to purchase certain real property in the City of Wilmington, a one-half interest in which belonged to Helena M. Nurnberg, deceased, during her lifetime, and upon her death composed a part of the residue of her estate. The defendants admit the contract, and are ready to pay the balance of the purchase price, and to accept a deed if Henry E. Balling, the administrator *d.b.n. c.t.a.* of her estate, has the power to convey her one-half interest in said property.

They correctly concede that Helena M. Nurnberg's will directed the sale of her real estate by the executor therein named.

Item 2 of that instrument first provided:

"All the rest and residue of my estate whether the same be real, personal or mixed * * * I bequeath and devise as follows:"

In the following paragraph, the testatrix directed her executor "to liquidate such amount of my said residue as to constitute two-thirds thereof, to pay one-third thereof with-

out restriction" to her daughter, Gertrude I. Molitor; and "one-third thereof" to Marie M. Nurnberg, as guardian for her two minor children. As guardian, Marie M. Nurnberg was "to hold the same, collect the income therefrom", and pay it in equal shares to her children until they became twenty-one years of age. At that time, each child was to be paid one-half of the one-third "of my said residue". The will then provided: "I further direct my said Executor to hold the remaining one-third of my said residue in trust to reinvest, if advisable, to collect the income therefrom, and expend said income, at his discretion, for the use and benefit" of Louisa Balling, "during the period of her natural life." At her death, the remaining one-third of the "residue" was "to be paid" to her children, naming them, share and share alike.

It is, therefore, apparent that the testatrix intended to direct the sale of any real property, constituting a part of the residue of her estate, and to convert into personal property for distribution, a two-thirds part thereof, by express direction, and the remaining one-third part, by necessary implication. Conversion was necessary in order to carry out the directions of the will. *Hilles, et al., v. Hilles, et al.,* 11 *Del. Ch.* 159, 98 *A.* 296; *Ferris v. Ferris,* 11 *Del. Ch.* 171, 98 *A.* 215.

The words "to liquidate" may not always mean to sell, but when considered in connection with the context of the will, it is apparent that the testatrix used them in that sense. See *Webster's New Inter. Dict. "Liquidate".*

But the important question is whether Henry E. Balling, the administrator d.b.n.c.t.a. of Helena M. Nurnberg's estate, can exercise the power of sale, given the executor named in her will.

*Section* 3895 of the *Revised Code of* 1935, *Vol.* 30 *Laws of Delaware, Chapter* 211 provides:

"If by any will authority be given to an executor to sell real estate, and the person so named as executor therein shall die * * * before

the execution of said authority * * * the person or persons having the execution of the said will * * * shall have authority to sell said real estate in execution of said devise."

The power of sale given the executor was of an imperative nature, and its exercise was not left to his discretion. In most cases, that is now conclusive in determining the capacity in which he is to exercise the right given. *Drummond v. Jones*, 44 *N.J. Eq*. 53, 13 *A*. 611; *Rawlings v. Rawlings*, 332 *Mo*. 503, 58 *S.W. 2d* 735; 2 *Woerner's Law Admin.*, § 341. When an executor is directed to sell land, the question is whether the exercise of that right is an executorial duty, annexed to that office by the provisions of the will; or whether it is a power given him, individually, by the testatrix because of personal confidence reposed in him, and, therefore, a trust. *Drummond v. Jones, supra; Rawlings v. Rawlings, supra;* 2 *Woerner's Law Admin., supra; Blake v. Dexter,* 12 *Cush*. 599, 66 *Mass*. 559; *Perry on Trusts,* § 500, *and note*. If a trust, even under the statute, the power cannot be exercised by an administrator *d.b.n. c.t.a.* The language of the statute requires that construction.

The defendants point out that the sale which Leo H. Nurnberg, the executor of the will, was directed to make was not for the purpose of paying debts, but was solely for distribution and investment, in trust, for legatees. They, therefore, claim that as the right to sell and the duty to hold and invest were in the same person the power given could only be for collateral purposes, wholly foreign to the duties of an executor, as such. *Lockwood v. Stradley,* 1 *Del. Ch*. 298, 12 *Am. Dec*. 97; *Waters v. Margerum,* 60 *Pa*. 39; see also *Chandler v. Delaplaine, et al.,* 4 *Del. Ch*. 503, *and note*. No statutory provision similar to *Section* 3895 of the *Code* was involved in *Lockwood v. Stradley;* there were similar testamentary provisions, but the fact that the proceeds of the sale were to be held in trust was not stressed as a controlling element in determining that the direction

to sell was a trust, and could not be exercised by the administrator d.b.n. c.t.a. of the testator. At any rate, where possible, the present tendency of the courts is to apply a more liberal rule in considering and determining the duties of an executor, as such, under a testamentary direction to sell. See *Ocheltree v. McDaniel,* 5 *Pennewill* 288, 63 *A.* 687; *Security Trust, etc., Co. v. Ward,* 10 *Del. Ch.* 408, 93 *A.* 385; *Ferris v. Ferris,* 11 *Del. Ch.* 171, 98 *A.* 215; *Perry on Trusts,* § 503, *note.*

The executor was directed to sell the residue of both real and personal property, and to distribute the proceeds as one fund.

If the sale had been made by Nurnberg, the executor named in the will, the portion, on which Louisa Balling was to receive the income during her lifetime, could only have been held by him as trustee; but the fact that the same person was directed to perform both duties does not necessarily affect the application of the statute.

Executorial powers begin at the death of the testatrix, while in most cases the duties of a trustee begin when the estate has been settled and the fund bequeathed in trust has been turned over to him by the executor. See *Lord Brougham v. Poulette,* 19 *Beav.* 119. In other words, their powers and duties are usually divisible, and there is nothing to indicate that both were to be exercised in this case by Leo H. Nurnberg, acting as trustee.

In view of these conclusions, a decree for specific performance will be entered against the defendants.