LEROY ROBERTS, Administrator *d.b.n.c.t.a.* of Marcellus Jones, Deceased,

*vs.*

CLARENCE C. DOWNS.

*Kent, April* 19, 1945.

*John B. Hutton,* for complainant.

*Max Terry,* for defendant.

HARRINGTON, Chancellor: Marcellus Jones, late of Middletown, New Castle County, died November 9, 1903, seized of a farm of about 148 acres, located in both Appoquinimink and St. George's Hundreds, on the westerly side of the road leading from Middletown to Smyrna, and near St. Anne's Church. Prior to his death, he made his last will and testament which was subsequently proved as such, and which, in part, provided:

"Second: I give, devise and bequeath to my wife, Hannah R. Jones, all my Estate real personal and mixed, except such as shall be hereinafter specified, for her personal use during her natural life, and to be controled by my executors hereinafter named."

"Third" comprizes numerous small bequests of money and of specific articles of personal property.

"Fourth: The above named bequests—except the hereinbefore named trinkets—are to be paid only after the decease of my wife Hannah R. Jones.

"Fifth: I hereby nominate, constitute and appoint my wife Hannah R. Jones and James R. Hoffecker my executrix and executor of this my last will and testament, hereby revoking all former wills made by me.

"Item: I also direct and appoint the above named James R. Hoffecker should he survive my wife Hannah R. Jones—trustee to sell my real estate within a period of two (2) years, and disburse the proceeds thereof as hereinbefore mentioned, and I further direct that, if after the Sale of my property, there should be an excess of money over and above the amounts above named, such excess shall be equally divided between the persons above named or their natural heirs."

Hannah R. Jones died June 9, 1944, and James R. Hoffecker died February 16, 1915.

Letters of administration *d.b.n.c.t.a.* on the estate of

Marcellus Jones, deceased, were issued to Leroy Roberts, the complainant, by the Register of Wills, for New Castle County, on September 29, 1944. As such administrator, he advertised the farm in controversy for sale, and "sold" it to Clarence C. Downs, the defendant, on November 16, 1944 for $7,650, and $765 or 10% of the purchase price was then paid to the complainant. The balance of $6,885 was to be paid thirty days thereafter. On December 13, 1944, a sealed contract, in writing, evidencing the sale, was entered into by the parties, whereby Downs agreed to purchase the farm, and to pay the balance of the purchase price, and the complainant agreed to convey it. By that contract, the settlement date was postponed in order that the purchaser might "have opportunity to have the farm surveyed to secure a proper survey description," so that it could be incorporated in the deed. Downs subsequently refused to comply with his contract to purchase the property on the ground that the complainant, as administrator *d.b.n. c.t.a.*, did not have the power to sell and convey it. The question is whether *Section* 3895 of the *Revised Code of 1935*, *Volume* 30 *Laws of Delaware, Chapter* 211, is applicable. It provides:

"If by any will authority be given to an executor to sell real estate, and the person so named as executor therein shall die * * * before the execution of said authority * * * the person or persons having the execution of the said will * * * shall have authority to sell said real estate in execution of said devise."

The complainant's rights depend upon whether the testator's real estate was devised in trust, with the direction that it be sold by the surviving trustee at the death of the life beneficiary, or whether the surviving executor, as such, was merely given a power of sale that could be exercised after his death by an administrator *d.b.n.c.t.a.* In most respects the essential functions of executors and trustees are separate and distinct, and, depending upon the rights and powers given, the so-called executors of a will may, by implication, also be trustees under that instrument. *Tippett*

*v. Tippett,* 24 *Del.Ch.* 115 7 *A.2d* 612; 65 *C.J.* 639, 640; see also *Esser v. Chimel,* 27 *Del.Ch.* 69, 30 *A.2d* 685. Testamentary trustees, necessarily, take the legal title to the trust property, though in equity they hold it for the benefit of some other person. *Doe ex dem. Patton v. Roe and Dillon,* 1 *Mary.* 232, 40 *A.* 1106; *Scott on Trusts,* §§ 2.3, 3.1; 69 *C.J.* 760,762. In construing a will, the intent of the testator is always the controlling factor, and a devise of real property, though not in express terms, may be necessarily implied from the language of the will when read as a whole. *Tippett v. Tippett, supra; Doe ex dem. Patton v. Roe and Dillon, supra.* Moreover, any expressions that unequivocally show the intention to impose a trust on a devisee of the legal title will have that effect, though the usual technical words are not used. *Tippett v. Tippett, supra.* If a decedent devises land to his executors, directing them to deal with it in a particular manner, they usually take title as trustees (*Scott on Trusts,* § 6.4) ; and a sole beneficiary of a trust for life may be one of the several trustees named in the will. *Tippett v. Tippett, supra.*

With the exception of certain personal articles, specifically bequeathed to other persons, Marcellus Jones devised and bequeathed all of his estate, real and personal, to his wife "for her personal use during her natural life"; but that provision must be read with the express direction in the same item that the property so bequeathed and devised was "to be controlled" by his "executors."

The testator also nominated and appointed his wife, Hannah R. Jones, and James R. Hoffecker the "executrix" and "executor" of his will, but it is apparent that Hannah R. Jones did not acquire the legal life interest in her husband's real estate.

The reasonable inference from the use of the words "to be controled" is that there was a devise, by implication, to his so-called executors, as trustees, during the lifetime of Hannah R. Jones, and that active duties in managing and

controlling the property for her benefit during that time were contemplated. *Tippett v. Tippett, supra; Doe ex dem. Patton v. Roe and Dillon, supra.*

In the *Tippett* case, the testator's entire estate was to be "managed" by his so-called executors and "carefully administered" during the lifetime of his widow, who was entitled to the entire net income therefrom. It was held that a trust was created. The same reasoning is applicable here. The conclusion that a trust was created is corroborated by the fact that in a subsequent item of his will, Marcellus Jones also directed and appointed "the above named" James R. Hoffecker "trustee to sell my (his) real estate" within two years "should he survive" Hannah R. Jones and to "disburse the proceeds thereof as hereinbefore mentioned." While any excess proceeds were to be equally divided "between the persons above named or their natural heirs," it does not necessarily follow that a sale and distribution for that purpose could not be made by a surviving trustee, if that were the testator's intent.

Neither *Esser v. Chimel, supra,* nor *Ocheltree v. McDaniel,* 5 *Pennewill* 288, 63 *A.* 687, sustains the complainant's contention, as there was nothing in either case to indicate an intent to devise the property in trust in the first instance.

The complainant's bill is dismissed, and a decree will be entered accordingly.