the credit was obtained? Mr. FROMME—Yes, that is the only issue, the denial of false representations. PLAINTIFF'S COUNSEL — There is no question about the amount of the sale? Mr. FROMME—No; we will expedite the matter. There is no question about the coal having been received as far as that is concerned. Simply on the question of fraud; as to whether we were guilty of any fraud." The effect of these stipulations was to leave open for further controversy the right of the plaintiff to recover in that action the amount represented by the notes. Upon that question the plaintiff presented such evidence of fraud as entitled it to go to the jury, and the trial court so decided, the result being a verdict for the plaintiff in the full amount claimed. During the progress of the trial testimony was elicited tending to show that at the time defendant made the representation as to his responsibility it was understood that he should have an extension of time within which to pay the entire sum due, but how much time was not stated. Thereupon, the

defendant asked leave to amend his answer by inserting a clause to the effect that the action was brought before the debt became due, because the time of payment was extended. This was refused, and in view of the stipulation of counsel to which we have referred, and the facts then before the court, we think the discretion of the court was properly exercised. Nor did the court err in directing the jury to find for the plaintiff the amount claimed less that represented by the note. The effect of the stipulations of counsel at the opening of the case, considered in connection with plaintiff's formal proof, was such as to entitle the plaintiff to a direction in its favor except as to the notes. Touching the amount of the indebtedness for which notes were given and afterwards returned, no complaint is made of the manner in which the questions involved were presented to the jury. The judgment should be affirmed, with costs. Present — Van Brunt, P. J., Follett and Parker, JJ.

## THIRD DEPARTMENT, FEBRUARY TERM, 1895.

**Decisions handed down February 12, 1895.**

William J. Comley and Others, Respondents, v. George W. Archer, Appellant.—Order affirmed, with ten dollars costs and printing and other disbursements. No opinion. Herrick, J, not acting.

Town of Fort Covington, Respondent, v. The United States and Canada Railroad Company and The Grand Trunk Railroad Company, Appellants. —Order affirmed, with ten dollars costs and printing and other disbursements. No opinion.

In the Matter of the Claim of Warren B. Agan, Respondent, v. Hiram File, as Executor, and Eliza M. Agan, as Executrix, etc., of Lyman B. Agan, Deceased, Appellants. —Judgment affirmed, with costs.— *Mem.* by Herrick, J. Not published by direction of the court.

Jacob M. Mertens, Plaintiff, v. John B. Marzluff, Defendant. — Order affirmed, with ten dollars costs and printing and other disbursements. No opinion.

William H. Thomas, Appellant, v. William B. Gage, Respondent.—Judgment affirmed, with costs. No opinion. Putnam, J., not acting.

Frank Pardridge, Respondent, v. Julia Beillot, Appellant. — Judgment affirmed, with costs. *Mem.* by Herrick, J. Not published by direction of the court.

Nettie M. Dayton, as Administratrix, etc., Respondent, v. The New York, Ontario and Western Railway Company, Appellant.— Judgment affirmed, with costs. No opinion.

Henry L. York, Respondent, v. Ætna Live Stock Insurance Company, Appellant.—Judgment affirmed, with costs. No opinion.

The Berry Harvester Company, Appellant, v. The Walter A. Wood Mowing and Reaping Machine Company, Respondent.— Judgment affirmed, with costs. No opinion.

Earl G. Watrous, Respondent, v. The Walter A. Wood Mowing and Reaping Machine Company, Appellant.— Judgment affirmed, with costs. No opinion.

Nellie O'Brien, Respondent, v. The National Life Association, Appellant. — Judgment affirmed, with costs. No opinion.

Stephen H. Niles, Respondent, v. Henry N. Johnson and Sarah A. Johnson, Appellants.— Judgment affirmed, with costs. No opinion.

George W. Pike, Appellant, v. Willis T. Honsinger, Respondent. — Judgment affirmed, with costs. No opinion.

Alonzo McConihe, Respondent, v. Charles E. Thompson, Appellant. — Judgment affirmed, with costs. No opinion.

**Decisions handed down February 26, 1895.**

Moses F. Goldstein, Respondent, v. Grace E. Strait and Others, Appellants. No opinion.

Albert Fletcher, Plaintiff, v. Myron C. Baker and Others, Defendants.— Motion for reargument denied, with ten dollars costs. No opinion.

Effie B. Oliver, Plaintiff, v. Margaret B. French and Others, Defendants.— Motion for reargument denied, with ten dollars costs.—

*Mem.* BY THE COURT: It is urged that a reargument of this case should be had, for the reason that the opinion handed down by this court discusses the defective notice of motion and the case does not show that the objection that it was defective was taken before the Special Term. On the argument before this court, the objection was taken orally, and elaborately discussed by respondents' counsel in his printed points, and no objection was made that that question was not raised in the court below, which is probably the reason of the discussion of the defective notice of motion in the opinion handed down by the court. But whatever led to that discussion in the opinion, the motion was also considered upon its merits, and the conclusion of the Special Term was fully concurred in by this court. On this motion for a reargument the respondents show by affidavit, which is denied by affidavit on the part of the appellant, that the specific objection that the moving papers were defective was made at the Special Term before the argument upon the merits. But there seems to be another and almost insuperable objection to this court's granting any relief on the appeal from the order in question. No specific error in the judgment being stated, either in the order to show cause, which was in this case, the notice of motion, or in the affidavit upon which it was granted, a reversal of the Special Term order by this court would furnish the moving party no relief, unless an order modifying the