LEWIS WESLEY FLINN, Trustee under the last will and testament of WILLIAM M. PARKIN, deceased,

vs.

GEORGE FRANK, JOHN CRAVEN FRANK, WILLIAM FRANK, CHARLES FRANK, JANE FRANK (widow of Thomas Pierson Frank) JANE FRANK, Guardian of ELIZABETH BEATRICE FRANK, SIMPSON SHEPHERD FRANK, GEORGE HERBERT FRANK, ELIZA EVELYN FRANK AND MARY EXTON. ·

*New Castle, March Term*, 1898.

Where a testator executed in this State a paper writing as his last will and testament, which after his death was duly proved as such, and subsequently removed to England and executed there, under such formalities as would make it a valid will in this State, another paper writing, describing it as his last will and testament, and therein referred to and recognized the first will; *held*, that the two paper writings together constituted the last will and testament of the testator.

Where two paper writings, one executed in this State and the other in England, were held to constitute together a last will and testament, and in the first, the testator devised real estate to his wife for life and gave the remainder of his estate, real and personal, to his executor to pay the income to his wife for life and on her death to pay the principal and all unapplied interest to certain persons in England; and in the second paper writing, which the testator termed his "last will and testament," he referred to the will made in America and gave more specific directions as to the persons to whom the residue of his property in England "and also of the proceeds of sale and all other moneys so directed to be paid

by the executor of my American will;" *held*, that there appears upon the entire will, composed of the said two paper writings, an intention of the testator that his real estate in this State should be sold, and that an implied power of sale was conferred upon and vested in his executor as trustee.

BILL BY EXECUTOR IN THE NATURE OF A BILL FOR INSTRUCTIONS.—The complainant was the executor and trustee under the will of William M. Parkin, deceased. It appeared that the testator had made a last will and testament, bearing date July 31, 1891, and duly executed at Newport, New Castle County, where the testator then resided.

In and by that will, after directing the payment of his debts and funeral expenses out of his personal estate, and bequeathing to his wife certain personal chattels, he devised to his wife for life his "brick house and lot of land on Market Street, Newport, Delaware, during her natural life."

The Fourth Item of the testator's will was, as follows:

"Fourth. The rest, residue and remainder of my estate real and personal I give, devise and bequeath unto L. Wesley Flinn, M. D., of Wilmington, County and State aforesaid, to invest the same with power from time to time as may be necessary to call in and reinvest the same and to pay the income to arise therefrom unto my said wife Susan Parkin during the lifetime of my said wife on the death of my said wife to pay the principal sum and all unapplied interest thereon unto the executors of the last will and testament of my sister Jane Parkin; late of Kirby-moor-side, Yorkshire, England, deceased."

The executor was directed to keep the house in reasonable repair out of the income of the testator's personal property during the natural life of his wife.

The provision made for his wife was directed by the testator to be in lieu and bar of dower. The complainant was appointed executor.

The testator afterwards removed to England and there made and executed another will, bearing date January 9, 1893, in which it was recited that the testator being a naturalized citizen of America, had there made a will whereby he

had made certain provisions, and the will then quotes in full the Fourth Item of the American will, as above set forth, and also states that he had appointed the complainant to be the executor of "that my last will and testament." He then further recites that his said (American) will "although not so expressed was and I hereby declare is intended to operate only in respect of my real and personal property in America and not in any way in respect of my real and personal property and effects in England. And whereas the direction in my said Will contained 'to pay the principal sum and all unapplied interest thereon unto the executors of the last Will and Testament of my sister Jane Parkin' was intended and I hereby declare is intended to be a direction to pay the same principal sum and interest not to the executors of my said sister Jane Parkin as such executors of her Will or to form part of her estate but to pay the same to the same persons as are the executors of my said sister's Will namely my nephews and niece George Frank, William Frank and Mary Exton in their individual capacities."

The testator then appointed the said George Frank, William Frank, and Mary Exton, executors and trustees "of this my will" and declared that the expression "my trustees" throughout his will and any codicil thereto should be construed to mean the said named trustees and the survivors or survivor of them.

The will then proceeded:

"And I give, devise and bequeath all my real and personal estate in England unto the said George Frank, William Frank and Mary Exton, their heirs, executors, administrators and assigns, upon trust, at such times and in such manner as my trustees shall in their entirely free and uncontrolled discretion, think proper to sell and convert the same into money, with power for my trustees to postpone for such period as they shall deem expedient such sale and conversion; and I direct my trustees to stand possessed of such proceeds of sale and all the rest of my estate and of the investments for the time being representing the same and also of the proceeds of sale and all other monies so directed to be paid by

the executor of my American Will as aforesaid, all which proceeds of sale and the rest of my estate and the investments for the time being representing the same are hereinafter collectively referred to as 'my trust fund' upon the trusts following."

There were then set out various trusts concerning the fund thus to remain in the hands of his executors and trustees, which did not concern the American property otherwise than that it was claimed that a part of said trust fund was to be made up of the proceeds of sale of the American property,

In the English will the testator described himself as "William Marshall Parkin, of Newport, Delaware, United States of America, but now residing in England at 27 College Road, Brighton, in the County of Sussex, Gentleman." The testator died December 17, 1894, at Wilmington, Delaware. and his English will was duly proved in the Principal Probate Registry of Her Majesty's High Court of Justice, and, May 31, 1895, administration of the personal estate of the deceased was granted to the executors named in the will.

A copy of the English will and a certificate of the probate thereof, duly verified by the Registrar of the Probate Registry and properly certified by the then Lord Chancellor of England, Lord Halsbury, were in evidence.

The probate of the American will before the Register of Wills in and for New Castle County, Delaware, was also duly proved.

The bill proceeded upon the theory that the American will and the English will together constituted the last will and testament of the deceased, and sought for a construction of the American will to the effect that the complainant as executor and trustee was authorized to sell the real estate devised to the testator's wife for life and to distribute the proceeds thereof.

The respondents were the legal representatives of the testator, all of whom resided in England.

The bill was filed October 21, 1897, and the subpoena was returned *non est inventus* as to all the respondents. On February 2, 1898, the affidavit of the Sheriff was filed to the

effect that the respondents reside out of the State of Delaware, and to the best of deponent's knowledge and belief, in England, and thereupon an order of publication was made, proof of which was duly made March 28, 1898.

The case came to a hearing on April 25, 1898, upon the bill, proof of publication and exhibits, consisting of the probate of the two wills.

*John P. Nields,* for the complainant, read the provisions of the American will relating to the real estate in question and also those of the English will reciting the same, and giving more specific directions as to the persons to whom the residue of the estate in America was to be paid. He also read the provision of the English will directing the sale and conversion into money of his property in England and the direction that his trustees should stand possessed of such proceeds of sale "and also of the proceeds of sale and all other moneys here directed to be paid by the executor of my American will as aforesaid, all of which proceeds of sale and the rest of my estate and the investments for the time being representing the same, are hereinafter collectively referred to as 'my trust fund' upon the trusts following."

He contended that from these words the executor of the American will had a power of sale of the property in Newport, which had been devised to the testator's wife for life.

The testamentary writing dated January 31, 1891, designated by the testator as his "American will," and the testamentary writing dated January 9, 1893, designated by the testator as his "English will," form together the last will and testament of William M. Parkin.

1.—The two papers expressly refer in the main to the disposition of different properties.

2.—The second paper expressly refers to, incorporates and ratifies the provisions of the first paper.

It is not essential that the last will of the testator be expressed in a single instrument. And there may be several papers of different natures and forms, constituting a will when taken together. *Schouler on Wills,* (2d Ed.) *sec.* 280.

Opinion.

If the subsequent testamentary instrument is only partly inconsistent with one of earlier date the former instrument is revoked only as to those parts which are inconsistent, and are both entitled to probate. 29 *A. & E. Ency. L.* 303, *note* 1, and cases cited therein.

The fact that the subsequent instrument is described as the testator's "last will and testament" is entitled to very little weight. *LeMage vs. Goodban*, L. R. 1 *P. & D.* 57; 29 *A. & E. Ency. L.* 302.

The testator directed a conversion of his real estate in America and bequeathed the proceeds thereof to certain beneficiaries in England.

In order to work a conversion there must be either (1) a positive direction to sell; or (2) an absolute necessity to sell in order to execute the will; or (3) such a blending of real and personal estate by the testator in his will as to clearly show that he intended to create a fund out of both real and personal estate and to bequeath the said fund as money. *Hunt's Appeal*, 105 *Pa. St.* 128, 141; *Peterson's Appeal*, 88 *Pa. St.* 397, 402; 2 *Woerner's Am. Law of Adm.*, *sec.* 342, and cases there cited.

Since the testator's intention must govern, if it can be ascertained from his language, the rule is equally applicable whether there be an express direction to convert or whether a conversion is necessarily implied. *Chandler's Appeal*, 34 *Wis.* 505; *Lent vs. Howard*, 89 *N. Y.* 169, 176; 2 *Woerner's Am. Law of Adm.* sec. 342.

THE CHANCELLOR considered that the paper writing dated July 31, 1891, and proved in New Castle County as the last will and testament of William M. Parkin, deceased, and the paper writing executed by him in England, under date of January 9, 1893, proved in England as his last will and testament, together constitute the last will and testament of the said William M. Parkin, deceased, it appearing that the execution of the paper writing proved as a will in England is a sufficient execution under our own statute; and he was of opinion that it appears, upon consideration of the entire will, composed of the said two paper writings, to have been the

intention of the testator that the real estate in the town of Newport, Delaware, described in the bill, should be sold, and that an implied power of sale was thereby conferred upon and vested in the complainant, as trustee, who was thereby authorized and directed and empowered to sell the same and to distribute the proceeds of such sale as directed by the said last will and testament, (the English will) and a decree was entered accordingly.