Hillsborough,  }
Sept. 4, 1906.  }

HARRIS & a., *Ex'rs*, v. INGALLS & a.

Where the terms by which an absolute legacy is given are unambiguous, it is the duty of the executors to pay it, notwithstanding their opinion of its inadequacy for a designated purpose.

The fact that a will directs executors to divide the residue of an estate into four equal parts, one of which the testator " gives and bequeaths " to the heirs of each of certain relatives, is not alone sufficient to invest the executors with authority to convert the realty into money for the purpose of division.

Executors who take possession of the testator's realty during the settlement of an estate in the insolvent course are chargeable with income received therefrom subsequent to the decree of insolvency.

Realty in the possession of executors and not needed for the payment of debts, expenses of administration, and specific legacies should be divided among the persons entitled thereto, or should pass to them in common, immediately upon the settlement of the executors' account.

Where a will directs the payment of annuities, a sufficient sum for the purpose should be set apart upon the settlement of the administration account and be transferred to the executors as trustees, if they choose to act and file the required bond; and upon the expiration of the terms of the annuities, the balance in the hands of the trustees should be divided among the residuary legatees.

BILL IN EQUITY, by the executors of the will of Josiah G. Graves, praying the direction of the court as to the execution of the will. Transferred from the January term, 1906, of the superior court by *Peaslee*, J.

By his will, the testator gave $100 a year to each of several persons for certain terms, varying from three to ten years, or during the life of each person should he die before the expiration of his term. He also gave $100 to the Nashua Cemetery Association, the income thereof to be expended, if needed, in caring for his burial lot in the cemetery; and if not needed, to be expended elsewhere in the cemetery, provided trees are not allowed to grow within twenty feet of his lot. There were other legacies, and the residuary clause is as follows: "All the residue and remainder of my property, real, personal, and mixed, I order my executors to divide into four equal parts; and I give and bequeath one part thereof to the legal heirs of my mother's brother, Benjamin Ingalls, to be equally divided among them; and I give and bequeath one part thereof," etc., each part being given by the same terms to the legal heirs of certain brothers and sisters of his mother, to be equally divided among them. The estate consists of real and personal property, and is administered in the insolvent course. The personal property is more than sufficient to pay the legacies.

Advice is asked upon the following points: (1) Have the executors authority to pay the legacy to the Cemetery Association, the income of it not being sufficient, in their opinion, to take full care of said lot? (2) Have they authority to sell and convey the real estate, or if not, to manage it? (3) Have they authority to dispose of the rest and residue of the estate, or any part thereof, before the legacies are fully paid; and if so, what provision shall be made for the payment of the legacies? (4) Are the "legal heirs" mentioned in the residuary clause the persons who are such at the date of the testator's decease, or at some other date; and are they to be identified by the laws of this state, or of the state where they reside?

*Burns & Burns*, for the plaintiffs.

*Burnham, Brown, Jones & Warren*, for the defendants.

CHASE, J. 1. The terms by which the legacy to the Cemetery Association is given are unambiguous. The legacy is absolute, and it is the duty of the executors to pay it, notwithstanding their opinion of its inadequacy.

2. The case states that the personal property is more than sufficient to pay the legacies, and it is inferred that the personal property remaining after the debts and expenses of administration have been paid is meant. The only other facts bearing upon the second question submitted are the terms of the will and the fact that the estate consists in part of real estate. The situation, nature, and extent of the real estate are not stated, nor the number of the legatees under the residuary clause of the will. While the order that the executors shall divide all the residue and remainder of the property, real, personal, and mixed, into four equal parts, one of which the testator "gives and bequeaths" to the legal heirs of each of certain of his uncles and aunts, has some tendency to prove an intention that the executors should convert the real estate into money for the purpose of division, it is not conclusive, nor sufficiently full and decisive testimony to render it more probable than otherwise that such was the intention. The order in terms applies to real estate, as well as to personal and mixed property; and it may be that it is practicable to readily make an equal division of the real estate among the legatees. The case certainly does not show any necessity for its conversion into money in order to make division—a fact that would have great weight in determining the question of the testator's intention. *Chandler* v. *Thompson*, 62 N. J. Eq. 723, and authorities cited. See, also, authorities collected in 11 Am. & Eng. Enc. Law (2d ed.) 1043, *et seq.* The use of "bequeath"—a term that is ordinarily used in the disposal of personal property—does not outweigh the force of what appears to be an express order to divide the real estate. If all the circumstances relating to the real estate and the legatees were before the court, it might appear that there is a latent ambiguity in the terms of the will; but all that can now be said is that it does not clearly appear that the testator intended to make it the duty of the executors to convert the real estate into money for division. It may be added that if the legatees prefer to take the real estate in common, or are willing to do so, the executors will run no risk and violate no duty in allowing them to take it in that way.

If during the settlement of the estate the executors took possession of the real estate, they should account in their administration for the income they received from it after the decree of insolvency. *Ayers* v. *Laighton*, 73 N. H. 487. As the real estate is not needed for the payment of debts, expenses of administration, and

legacies, it should be divided among the legatees, or should pass. to them in common, immediately upon the settlement of the executor's account. The executors have no authority to hold possession of and manage it after this event. See next point in this opinion.

3. Upon the settlement of the executors' account, a sufficient sum should be set apart from the personal estate to pay the legacies to the persons who are given $100 annually during stated terms, and the balance of the estate should be divided and paid over as provided in the residuary clause. The sum thus set apart should be transferred to the executors as trustees, provided they choose to act as such and give the required bond. When the terms of all the legatees expire, the balance of money in the trustees' possession, less the expenses of the trust, should be divided among the legatees mentioned in the residuary clause. Prior divisions of portions of the trust fund may be made if they are not needed to meet the requirements of the trust. *Thyng* v. *Moses*, 65 N. H. 106; *Campbell* v. *Clough*, 71 N. H. 181; *Brown* v. *Ferren*, 73 N. H. 6.

4. Counsel have not argued the fourth question, perhaps because it was found that the facts reported were not sufficient for giving an intelligent answer. All the persons that may be "legal heirs," within the intention of the testator, should be parties to the action, and their residences and relationship to the testator's uncles and aunts named in the residuary clause should appear; also the fact whether the uncles and aunts died before or after the date of the will and the death of the testator. The situation, value, and general character of the real estate left by the testator may also be a material fact bearing upon the question. The court cannot undertake to answer this question until all the parties are before them or have had an opportunity to appear, and the facts bearing upon the question are more fully submitted.

*Case discharged.*

All concurred.