WILLIAM S. CASSELMAN, substituted administrator, &c.,

*v.*

JAMES McCOOLEY.

[Submitted June 20th, 1907. Decided June 26th, 1907.]

1. A trust, vesting the legal title to land in trust in the person named by testatrix as executor, and requiring the estate to be divided at his marriage and the shares invested and the interest paid to certain persons during their lives, implies a power of sale in the trustee.

2. Where a trust vested the legal title to land in trust in the person named by testatrix as executor, and required the estate to be divided at his marriage and the shares invested and the interest paid to certain persons during their lives, the sale of the land, permitted by implication, was necessarily to be made by the person named as executor in his capacity as trustee, and not as executor, though he was defined in the will as an executor, and hence one appointed substitutionary administrator with the will annexed cannot exercise the power of sale.

On bill for specific performance.

*Messrs. French & Richards,* for the complainant.

*Mr. Thomas P. Curley,* for the defendant.

LEAMING, V. C.

The bill is filed by the substituted administrator with the will annexed of Matilda C. Yarrow for the specific performance of a contract made by him as administrator for the sale of certain lands of his testatrix. The vendee defends on the ground of want of power of sale in complainant. The provisions of the will may be sufficiently expressed by the general statement that the legal title of the land in question is, by the will, made to vest in trust in the person named by testatrix as executor. The trust created requires the entire estate, consisting of the land in question and certain personal property, to be divided into four equal parts at the marriage or death of the executor and each

four shares invested in lawful securities and the interest paid to certain devisees named, during their lives. Two questions are raised by defendant—*first*, whether the executor named in the will is given a power of sale; *second*, if so, whether complainant, who was appointed substitutionary administrator *cum testamento annexo* upon the death of the executor, can exercise such power of sale.

The duties required in the execution of the trust created are such that they necessarily include the power of sale. The direction to divide the estate into four equal shares and to place each share "out at interest in good and lawful securities and pay over the interest and dividends" discloses a clear intention on the part of testatrix that the real estate should be sold and the proceeds invested. Under such provisions the power of sale is implied. *Vanness* v. *Jacobus, 7 N. J. Eq. (2 C. E. Gr.) 153; Haggerty* v. *Lauterman, 30 N. J. Eq. (3 Stew.) 37; Belcher* v. *Belcher, 38 N. J. Eq. (11 Stew.) 126; Cruikshank* v. *Parker, 51 N. J. Eq. (6 Dick.) 21; Parker* v. *Seeley, 56 N. J. Eq. (11 Dick.) 110.*

I am unable, however, to determine that the power of sale passes to the substituted administrator *cum testamento annexo.* As already stated the legal title to the property in question was vested in the person named in the will as executor and was to be held by him upon the trusts declared. The sale of the real estate, permitted by implication, was necessarily to be made by the person named as executor in his capacity as a trustee holding the real estate as devisee in trust, and not in his capacity as an executor. The trust duties imposed are essentially those of a trustee and should be administered as such, and it is wholly immaterial that the devisee in trust is defined in the will as an executor. Complainant, as substituted executor, succeeds to the powers conferred upon the executor as such, but not to the powers devolved on the executor as trustee with trust duties to perform. These principles are fully defined in *Varick* v. *Smith, 67 N. J. Eq. (1 Robb.) 1,* where it is held that the statute of April 6th, 1888 *(2 Gen. Stat. p. 1429 § 21)*, grants no power to an administrator with the will annexed to sell lands which are the subject of an express devise in trust. I am compelled to hold

that the appointment of a trustee will be necessary before a valid sale of the real estate in question can be made.

This suit is for specific performance. The decree should be based upon the unmarketability of the title. As to what constitutes an unmarketable title see authorities collected in *Fischer* v. *Eggert, 64 Atl. Rep. 957.* I will advise a decree dismissing the bill upon that ground.