WILLIAM S. HILLES and JOSEPH T. HILLES, Executors of the last Will and Testament of Sarah T. Hilles, deceased,

*vs.*

ANNE T. HILLES, WILLIAM S. HILLES, JOSEPH T. HILLES, MARGARET H. JOHNSON, JOSEPH T. HILLES, Trustee for Anne T. Hilles, and JOSEPH T. HILLES, Trustee for Margaret H. Johnson.

*New Castle, July* 13, 1916.

Where there is no devise to executors, but merely a power or direction to sell and convey real estate, the executors take no legal title.

The general power of sale in executors will be implied, when the duties imposed on them cannot be performed without making a sale.

A gift to several legatees, to be divided between them, does not by implication confer upon the executors a power to sell real property, but creates a tenancy in common.

Where a will directed executors to divide the residuary estate into four parts, two of which were to be invested in safe and productive securities in trust for certain legatees, the words "I give and bequeath" being used in disposing of each part, the executors had implied power to sell realty which passed under such residuary clause.

Where executors are directed by will to divide the residue of the estate and invest a specified portion thereof in securities, and eventually to pay over the trust fund so invested, they have power to sell real estate in order to divide and invest the proceeds and pay over the property of the testator.

Apparently contradictory and inconsistent provisions of a will should be reconciled, and effect given to every part of the will, especially where a later clause enlarges an earlier clause.

BILL FOR CONSTRUCTION OF WILL and instructions to executors. A bill was filed by the executors of Sarah T. Hilles for instructions as to their powers under her will, whereby she gave several legacies and then provided by the sixth item, as follows

"All the rest, residue and remainder of my estate, of whatsoever kind and wheresoever the same may be at the time of my decease, I order and direct my executors to divide the same into four equal parts or shares; and one of said parts or shares I give and bequeath unto my son, William S. Hilles absolutely; one other of said parts or shares I give and bequeath unto my son, Joseph T. Hilles absolutely; one other of said parts or shares I give and bequeath unto my said sons, William S. Hilles and Joseph T. Hilles, in special trust, to be by them invested in some safe and productive securities. * * *"

The income on one of the four parts so given in trust was payable to Anne, the daughter of the testator for life, with power of appointment to her by will, and in default thereof in trust to pay and distribute the trust estate among her children, etc. By the same item a similar gift was made of the remaining fourth for Margaret, another daughter of the testatrix. By

the seventh item the testatrix authorized her executors to sell and convey "all the *rest* of my real estate."

At her death the testatrix owned as part of the residue of her estate, among other things, a lot of land and dwelling house in Wilmington, which the executors had arranged to sell to enable them to divide the residuary estate into four equal parts according to the sixth item, but the right of the executors to sell the land was denied by the purchaser. Therefore, the complainants, the executors, by bill asked instructions as to their powers, making the heirs at law of the testatrix, and all the trustees for the two daughters parties.

By answer the defendants admit the allegations of the bill and submit to the decision of the court. The hearing was had on bill and answer.

*William S. Hilles*, for the complainants.
*Reuben Satterthwaite, Jr.*, for the defendants.

THE CHANCELLOR. The general question raised in the cause is as to the power of the executors of Sarah T. Hilles to sell and convey land of the decedent, and there are two provisions of the will bearing on the question. By the sixth item, after making sundry gifts, there was a direction that all the rest of her estate be divided by her executors into four equal parts, followed by a gift of the four parts one part absolutely to one son, another part absolutely to another son, one part to trustees in trust to be invested in securities for the benefit of one daughter and the remaining part in trust to be invested in securities for the benefit of another daughter. By the seventh item the executors were given power to sell "all the rest" of the real estate of the testatrix. It was claimed for the executors that there was under the sixth item an implied power of sale given to the executors; and whether, or not, there was an implied power of sale, under the sixth item, such power was expressly given under the seventh item.

There is in this will no devise to executors, but at most only an implied or express power. or direction, to sell and convey the real estate, and they do not take the legal title. *Lock-*

*wood v. Stradley,* 1 *Del. Ch.* 298, 305, 12 *Am. Dec.* 97. It does not appear what property the testatrix had at the time of her death, the allegations of the bill being that among other property the decedent owned the premises mentioned in the bill, so that if it be pertinent, as some cases hold, it does not appear here that there was any need of conversion in order to make a division. The general power of sale in executors will be implied when the duties imposed on them cannot be performed without making a sale. 2 *Perry on Trusts,* 766. A gift to several to be divided between them does not by implication confer upon executors a power of sale, but creates a tenancy in common.

There are in this will other provisions indicating testamentary intention to give to the executors by implication a power of sale in order to execute the purposes of the will. After the direction for a division of the residuary estate into four parts, the testatrix used the words, "I give and bequeath" in disposing of each part. These words are appropriate in disposing of personalty, such as the proceeds of sale of the real estate would be, and not to a devise of real estate. In the case of *Vanness v. Jacobus,* 17 *N. J. Eq.* 153, where substantially the same language was used, the court found a testamentary intention that residue should be converted into personalty by his executors and a distribution of the proceeds by them. But see contra *Harris v. Ingalls,* 74 *N. H.* 35, 64 *Atl.* 727. Furthermore, and as the most convincing feature, two of the four parts into which the executors are directed to divide the residue are given in trust to be invested in safe and productive securities for the benefit of her daughters. A direction to executors to divide the residuary estate, followed by a gift of a share thereof to the executors to be invested in securities, clearly by implication gives to the executors a power to sell land of the decedent, which passed under the residuary clause. The direction for investment in securities necessarily implies that the trustee takes not land, or an undivided interest in land, for real estate cannot be invested in securities.

Cases which are sufficiently similar to serve as guides in interpretation of this will are as follows: *Belcher v. Belcher,* 38

*N. J. Eq.* 126; *Salisbury v. Slade,* 160 *N. Y.* 278, 54 *N. E.* 741; *Casselman v. McCooley,* 73 *N. J. Eq.* 253, 67 *Atl.* 436; *Browning v. Stiles,* 73 *N. J. Eq.* 253, 65 *Atl.* 457; *Chick v. Ives,* 2 *Neb. Unof.* 879, 90 *N. W.* 751; *Casey v. Canavan,* 93 *Ill. App.* 538; *Haggerty v. Lanterman,* 30 *N. J. Eq.* 37. The language of the wills in *Flinn v. Frank, et al.,* 8 *Del. Ch.* 186, 68 *Atl.* 196, and in *Leeds v. Sparks,* 8 *Del. Ch.* 280, 68 *Atl.* 239, is so different that the decisions are not helpful, though not in conflict with the view adopted.

A direction to invest in securities and eventually pay over the trust property has been held to confer an implied power of sale of real estate. This seems a proper and reasonable rule. It is probably applicable here, where the same persons are named as executors and also trustees as to two of the four shares for the benefit of daughters of the decedent. As executors these persons have an implied power to convert real estate into money in order that as trustees they may invest in securities producing income. *McCready v. Metropolitan Life Ins. Co.,* 83 *Hun.* 526, 32 *N. Y. Supp.* 489, affirmed without opinion in 148 *N. Y.* 761, 43 *N. E.* 988; *Purdie v. Whitney,* 20 *Pick. (Mass.)* 25; *Powell v. Wood,* 149 *N. C.* 235, 62 *S. E.* 1071. The authorities here collated are with many others collected in a valuable note in 32 *L. R. A. (N. S.)* 683.

Where, as here, there is a combination of a duty to divide the residue and invest in securities a specified portion thereof, with a direction for an eventual payment of the trust fund so invested, there is undoubtedly a duty and, therefore, a power necessarily imposed on the executors (who are also trustees) to convert real estate in order to divide, invest and pay over the property of the testator.

Though it may not be necessary to consider the seventh item of the will, in view of the interpretation of the sixth item, still if the validity of the title to be made by the deed of the executors is fortified by the latter item, it should be so delared, as a further protection of the owner against those who cavil at titles upon insufficient grounds. The first impression obtained from comparing the two items is that if the former gives a power of sale, the latter is redundant, or superfluous, and fur-

ther that as all the property of the testator not otherwise disposed of as legacies was disposed of by the sixth item, there was nothing upon which the power of sale given by the seventh item could operate. Apparently contradictory and inconsistent provisions in a will should be reconciled and effect given to every part of the will; especially where a later part of a will enlarges a provision in an earlier part of the will. *Page on Wills*, § 470, *p.* 555. Effect would be given to the whole will by treating the later item as confirmatory of, or supplementary to, the earlier one. In other words, it should be considered that the later one gave expressly a power of sale which may have been implied in the earlier one, and that both referred to the same subject-matter. Such seems to be a safe interpretation. Fortunately, however, in the case of *Vanness v. Jacobus*, 17 *N. J. Eq.* 153, hereinabove referred to on the other point, quite a similar situation was presented. The court construed the will so as to give meaning to the whole will, and repudiated a view which would make one part thereof meaningless.

On either or both grounds, and from either or both items, the executors have a power to sell and convey the land in question, and, so far as anything disclosed in the cause is concerned, make by proper deed a good title to the land.

Let a decree be entered accordingly.