In the Matter of the Trusts under the Last Will and Testament of WILLIAM McCAULLEY, deceased.

*New Castle, Jan.* 14, 1925.

Trustee's authority to make sale need not be expressed in precise words, but is sufficient if plainly deducible or inferable from language used, or if scheme of trust necessitates sale for its accomplishment.

Will creating trust, providing for division of trust estate into eleven parts and for payment of "income" from and "principal" of such parts, to particular beneficiaries, authorizing trustees to burden land with liens until estate could be safely sold, and making it discretionary with them to "dispose" of estate and to invest residue, *held* to clearly evidence intent to authorize sale by trustees.

Questions involving construction of will should be raised by fiduciary on bill for instructions rather than on *ex parte* petition.

PETITION BY TRUSTEE TO SELL LANDS. The petitioner, Wilmington Trust Company, is the present trustee under the last will and testament of William McCaulley, deceased. The prayer of the petition is that the trustee be authorized and directed to sell the lands now remaining in the trust at public sale. All the parties who purport to be in anywise interested in the trust estate join in the prayer of the petition.

The will of William McCaulley provides for the payment of all his debts and funeral expenses and authorizes and empowers his

executors and trustees to sell and convey all or any part of his estate in their discretion, the net proceeds of such sales together with the collections to be applied to his debts. The will then proceeds in the second item to give and bequeath to his two nephews—

"all my real, personal and mixed estate  *  *  *  to them, their heirs, executors, administrators and assigns; in trust nevertheless for the uses, intents and purposes above and within mentioned; and especially with the power and authority to create liens on any part of my estate by note, judgment bond, mortgage or otherwise, until my estate can safely be sold, at their discretion. And to apportion my estate into eleven equal shares or parts, to be distributed as follows, to-wit."

Then follows a gift to his wife of the "income " of one of said shares "to be paid to her half yearly for and during her natural life  *  *  *  and after the decease of my said wife I order the same principal and income paid to my granddaughter Florence Hill Frost absolutely, her heirs and assigns." The "income" of another share is given to a son for life and after his death the language is, "I give said share or part unto his sisters and nephews and nieces, share and share alike, absolutely." The "income" of four other of said shares is given to a daughter and her two sons "half yearly, she to receive two shares and they one share each until the decease of their mother, when each son shall have two shares absolutely." A like disposition was made of four other shares and income therefrom to another daughter and her two daughters. The "income" of one other and the last of said eleven equal shares was given to the testator's granddaughter, Florence Hill Frost, payable half yearly for ten years, after which time the same was given to her absolutely. The second item in which these dispositions are made then proceeds, as follows:

"The shrinkage in the value of property and sundry losses have reduced the value of my estate very much, so that I have left it discretionary with my said executors and trustees and the survivor of them (said survivor to have all the powers of both, in all cases) in whom I have full confidence, to manage and dispose of my estate to the best advantage, and to invest the residue in safe first mortgages or substantial stocks or loans."

The rest of the will is of no present significance.

*William S. Hilles*, for the petitioner.

THE CHANCELLOR. The petitioner represents that it has attempted to sell the piece of land now remaining in the trust, but that it has been unable to do so, and indicates that its inability is due to the fact that the right of the petitioner as trustee to make a sale under the terms of the will has been questioned. Wherefore, the trustee asks for an order as prayed.

In creating the trust, the testator devised to his trustees all his lands in fee simple. His language does not speak in terms of a power. It is the language of a devise. While, in defining the terms of the trust, he does not specifically provide that the lands shall be converted into money, yet every indication is plainly to the effect that he intended such conversion to take place. To be sure, in the first item he specifically provided that the land might be sold to pay debts. Though the language in the second item is not likewise specific with respect to a sale of the land generally, yet it is none the less clear and plain to the effect that the trustees were to sell the land in execution of the trust. Authority to make a sale does not have to be expressed in precise words. The authority is sufficiently manifest if from the language employed it is plainly deducible or inferred, or if the scheme of the trust necessitates a sale for its proper accomplishment. In our own State these principles have received recognition in the following cases: *Flinn v. Frank*, 8 *Del. Ch.* 186, 68 *Atl.* 196; *Leeds v. Sparks*, 8 *Del. Ch.* 280, 68 *Atl.* 239; *Hilles v. Hilles*, 11 *Del. Ch.* 159, 98 *Atl.* 296.

Whether a sale of the testator's land as it was constituted on the day of his death was necessary in order to effect a division into eleven equal shares or parts, the petition does not disclose. It does show that the piece of fifteen acres now remaining in the trust is not capable of such division. Aside from what the true fact may be with respect to the land's divisibility into eleven equal shares, and confining ourselves solely to a consideration of the testator's language, it appears clear and plain, as indicated above, that he meant his lands to be turned into a fund by a sale thereof. Not only does he speak of the eleven equal shares in terms that indicate they are to be in the form of personalty—as for instance in the use of the word "income," the direction in one place that a share "principal and income shall be paid," etc., the

direction to dispose of the estate and invest the residue in safe first mortgages or substantial stocks or loans—but the language is more forceful as indicating a desire on his part that the trustees should sell the land in their discretion, for he specifically authorizes them to burden the lands with liens "until my estate can be safely sold," and later, after referring to how shrinkage in values and sundry losses had reduced his estate, he explains that he had left it discretionary with his trustee not only to manage but "to dispose of my estate to the best advantage and to invest the residue," etc.

This being the character of the testamentary language, it appears to me to be so clear as not to warrant controversy that the trustee under this will has unquestioned authority under its terms to sell the land covered by the trust. An order from this court is not needed to fortify, if indeed it could, the authority so clearly granted by the will. I am disposed not to enter such an order not only because to do so would be a work of supererogation but as well also because questions involving the construction of wills ought to be raised by the fiduciary not on an *ex parte* petition but by bill for instructions in the regular way. There is a statute in this State, however, which would appear to authorize an order of sale in the case of this trust without necessitating a construction of the will upon the point here involved. I refer to *Section 3879, Revised Code 1915,* wherein it is provided that any trustee who has legal title to real property may set forth by petition that the sale and conversion thereof would be beneficial to the person interested in the trust and the Chancellor may authorize and direct such trustee to sell the whole or any part thereof, etc., unless such sale has been expressly prohibited by the instrument creating the trust. I recognize that the more a title to real estate which has been questioned, however unwarrantably, can be strengthened and fortified, the better will be its market. And so, while I am unwilling to enter an order on this petition predicated on the language of the will, yet I will allow the petition to stand as one filed under the above referred to section of the *Code,* and if desired will enter an order of sale accordingly. While the petition is not drafted with the terms of that section in mind, and accordingly does not follow the usual form in such cases, yet the

substantial requirements of the section are met by the pending petition, and an order may be accordingly had as though under the statute if the petitioner so desires.