TRUSTEES FOR THE BAPTIST CHURCH OF THE BOROUGH OF WILMINGTON, STATE OF DELAWARE, a religious corporation of the State of Delaware, and JOHN R. RITTENHOUSE, ET AL., TRUSTEES OF THE TRUSTEES FOR THE BAPTIST CHURCH OF THE BOROUGH OF WILMINGTON,

*vs.*

WILLIAM W. LAIRD.

*New Castle, Feb. 6, 1913.*

A conveyance to several persons in trust, to be used for the sole purpose of a Baptist meeting house, with a provision for perpetuating the trust by authorizing the survivors to convey to new trustees, was not a conveyance upon condition, which was breached by a sale of the land, but was a conveyance in trust, without any implied restriction against the sale.

The Court of Chancery has power to direct a conveyance of an estate held under a charitable trust, and the same power may be exercised by the Legislature, as was done by an Act, authorizing the named trustees of the First Baptist Church of Wilmington to convey lands held under a charitable trust, the proceeds to be used for the same purpose as the original trust.

Under a general law empowering the Chancellor to authorize a trustee to sell the trust property free from the trust, if the sale be not expressly prohibited by the instrument creating the trust, the Chancellor may direct a sale of trust property to apply the proceeds to the same purpose, though the creating instrument directs that the trust property be used only for a certain purpose, there being no express prohibition of sale.

A conveyance of land to named persons as "Trustees for the 'Baptist Meeting in the Borough of Wilmington, State of Delaware,' " when the corporate name adopted was "Trustees for the Baptist Church in the Borough of Wilmington, State of Delaware," was valid, notwithstanding the use of the word "Meeting" instead of "Church"; the same corporation being intended.

Where a deed conveyed land to trustees of a charitable corporation, who had no active duties to perform as to such land, both the legal and equitable title vested in the corporation; the trust being a dry trust.

BILL FOR SPECIFIC PERFORMANCE. Joseph Stidham and wife, in 1784, conveyed to John Boggs, et al., a lot of land upon trust that it be used for the sole purpose of a Baptist meeting house to be erected, and for a burying place, with provision for the self-perpetuation of the trustees, the survivors to convey to the new coming trustees as joint owners in trust. Afterwards the church building was erected. In 1810 the members of the church became incorporated under the general provisions of the laws of Delaware then in force as to religious bodies, and took the name of "Trustees for the Baptist Church in the Borough of Wilmington, State of Delaware."

In 1811 Ashton Richardson conveyed another lot to James Robinson and six other persons, "Trustees for the 'Trustees for the Baptist Meeting in the Borough of Wilmington, State of Delaware' " which, according to the bill, was the same corporation as that incorporated in 1810 as above. This latter conveyance was to the grantees, their successors and assigns, in trust for the entire benefit of and to be enjoyed by the members of said Baptist Meeting.

An act was passed in 1911, reciting the two conveyances, and that John R. Rittenhouse and five other named persons were then the Trustees of the First Baptist Church of the Borough of Wilmington and trustees under the two conveyances, and authorizing those six persons as such trustees to sell both tracts and convey them in fee simple free of trust and without liability on the part of the purchaser as to the application of the purchase money, the proceeds to be used for the same purposes as the original trust. See *Chapter* 252. *Vol.* 26, *Laws of Delaware,* approved April 6, 1911.

The trustees made a written agreement with the defendant, Laird, to sell him both parcels of land, but Laird refused to take title or pay for the land because he said the title was not marketable. A decree for specific performance was sought.

By his answer, the defendant admitted all the allegations of the bill, except that he says that the legal title to the land is in the heirs at law of the original grantors and not in the complainants, and, while ready to perform the contract, cannot do so because the title of the complainants is not marketable. There was no allegation or evidence that the land had been used as a burial place.

The cause was heard on bill and answer, at the election of the complainants.

*Charles B. Evans and T. Bayard Heisel*, for the complainants.

*William F. Kurtz*, for the defendant.

THE CHANCELLOR.    The main objection to the title under the Stidham deed is that that deed was a conveyance upon condition that it be used only for the purposes of the church and that a sale was a breach of the condition which gave the heirs of Stidham a right to enter, though there was not in the deed such right of re-entry given. But such view is an incorrect one. No such right of re-entry will be presumed. On the contrary it was not a conveyance upon condition, but was one upon trust, and there is no express or implied restriction against the sale and conveyance of the land. *Perry on Trusts*, §§692-694; *Stanley v. Colt*, 5 *Wall.* 119; *Brown v. Meeting Street Baptist Society*, 9 *R. I.* 177; *Sohier v. Trinity Church*, 109 *Mass.* 1; *Wells v. Heath*, 10 *Gray (Mass.)* 17; *Clark, et al., v. Evangelical Society in Quincy*, 78 *Mass.* (12 *Gray*) 17; *Mills v. Davison, et al.*, 54 *N. J. Eq.* 659, 35 *Atl.* 1072, 35 *L. R. A.* 113, 55 *Am. St. Rep.* 594.

The Stidham deed created a charitable trust, viz., for the use thereof for a Baptist meeting house and for a burying place for members of the Baptist Church. There is no pro-

hibition of sale, and no express or implied condition subsequent which will terminate the trust in case of a sale and give the heirs at law of the grantor a right to re-enter for condition broken by reason of the sale. Being then a charitable trust, and not a conveyance on condition, the power of the Court of Chancery to sanction or direct an alienation of the trust estate is generally recognized. This power has, in this case, been directly exercised by the Legislature by the special Act of 1911, and no reasonable objection can be raised to the right of the Legislature to exercise this power directly, instead of leaving it to be done by the Court of Chancery. The cases cited above support fully these views.

If, as is shown, it be a trust and there is no express prohibition of sale, the direction that the trust property be used only for a certain purpose does not inhibit a conversion thereof in order to apply the proceeds of sale to the same purpose. This may be done by authority of general statutes relating to all trust property. *Section* 4, *Chap.* 115, *Vol.* 20, *Laws of Delaware*, published as amended March 20, 1895. See also *Revised Code, p.* 721.

In this case there is the special Act which gives the same power of conversion as is given to other trustees by an order of the Court of Chancery, and a deed made pursuant to it is equally effective to vest in the purchaser the legal title as would a deed made by any other trustee made under the order of the Court of Chancery.

The case of *Tharp v. Fleming*, 1 *Houst.* 580, arising under the Potter will, is not an authority against the conversion, because in that case a conversion was expressly prohibited by the will creating the trust. There can be no question but that the persons named in the special act of 1911, and complainants in this bill, are the trustees by succession from the original trustees named in the Stidham deed. By that deed a succession of trustees was provided for by election by the original trustees of others to fill vacancies and so on, from time to time, the board being self-perpetuating. By the bill it appears that the individual complainants are the present board of trustees, and presumably by due election and suc-

cession. This is admitted by the answer. Therefore, they are the trustees in succession from the original trustees named in the deed. No objection to the title can, therefore, arise on that score.

Assuming, however, that there was no proper succession and that it is not known which of the several original trustees named in the deed was the survivor, or who are the heirs at law of the survivor, who is presumably dead after a lapse of one hundred and twenty-nine years, then under the general statute the Court of Chancery had power to order a conveyance to the person entitled to receive it. *Chapter* 90, *Vol.* 11, *Laws of Delaware.*

The General Assembly, by the special act of 1911, has exercised the same power and authorized a conversion of the trust property by a conveyance to be made, not by a person designated under the general statute by the Court of Chancery, but by certain persons named in the special act. If it be important, no difficulty would arise as to the absence of an allegation or proof of a conveyance to the several succeeding trustees of the legal title to the land. By the deed of Stidham it was the duty of the survivor or survivors of the original trustees to convey to each succeeding trustee, and so on from time to time, so as to vest in them the legal title to the land. As hereinbefore mentioned, if there be doubt whether such conveyances have been made, the court, under the general statute, would have power to appoint a person to transfer the legal title to the present trustees, who by succession are entitled to have it. By the special act of 1911 a similar power is exercised directly by the General Assembly, and there is no valid objection to be made to the power of the Legislature to enact such law, or to its effectiveness to accomplish the purpose intended by it. Whichever view of the matter is taken the right of those named trustees to sell and convey the Stidham land is clear, and a good marketable title would pass to the person to whom the deed therefor would be made by such trustees.

The objection to the title to the Richardson land is based on the difference in the name of the corporation incorporated

in 1810 from that named in the deed by Richardson in 1811. After the incorporation of the members of the Baptist Church in 1810, Richardson conveyed other land to certain named persons, as "Trustees for the 'Trustees for the Baptist Meeting in the Borough of Wilmington, State of Delaware,' " and the only trust or limitation in this deed was this: "In trust for the entire benefit and behoof of and to be held, enjoyed, occupied and possessed by the members of the said Baptist Meeting." The name quoted above is substantially that adopted by the members of the same religious body when they became incorporated in 1810, they having then adopted the name "Trustees for the Baptist Church in the Borough of Wilmington, State of Delaware." The only difference between the two titles is that in the deed the word "Meeting" was used in place of the word "Church" in the name chosen at the time of the incorporation. As it is alleged in the bill, and admitted by the answer, that the corporation named in the deed is the same as that in the certificate of incorporation, the difference in the name is clearly unimportant.

By this deed of Richardson, then, the title to the land is conveyed to certain individuals as trustees for an existing corporation, with no active duties to perform, or anything to show that it was not a dry trust. In such cases clearly the legal, as well as the equitable, title vested directly in the corporation, and it can make a good title to this land now without the authority of the special act of 1911. That act, however, would be an additional safeguard to the purchaser.

The objection to the Richardson title is not tenable, and, from anything that appears of record in this cause, no reasonable ground exists for claiming that it was not a marketable title, such as the purchaser was obliged to accept under his contract.

A decree for specific performance will be entered according to the prayer of the bill.