FRANCESCO AIELLO,

*vs.*

NICANDRO SIMEONE.

*New Castle, June 23, 1924.*

Condition in conveyance to society that in event conveyed property ceased to be used for regular Baptist church, it was to go to Baptist Union, "for benefit of the Baptist denomination," was not breached by sale of property and use of proceeds in erecting another church of same denomination, since continued use of land as site for church building was not sole manner in which benefit of denomination could be served.

BILL FOR SPECIFIC PERFORMANCE of contract for sale of land. Title to the land in question was acquired in 1892 by the Trustees of the First Swedish Baptist Church, of the City of Wilmington, a corporation of the State of Delaware, by deed from Wilmington Baptist City Mission, another corporation of this State. In the habendum clause of the deed appears the following clause:

"For the sole purpose of the erection of a building thereon, to be used for a regular Baptist Church, and should the same at any time cease to be used for such purpose by the grantee or its successors, then and in such case the said property hereby conveyed, together with any buildings which may be erected thereon, shall be subject to the management and control of, and the title thereto shall become vested in, the Delaware Baptist Union, a corporation under the laws of the State of Delaware, or its successors, to be used by it, for the benefit of the Baptist Denomination."

In 1904 the corporation named as the grantee in this deed conveyed the premises in fee simple to one Max Lichtenstein, the deed therefor making no mention of such provision as appeared in the foregoing deed. Thereafter in the years 1904 and 1905 the Delaware Baptist Union Association (a new name given to the Delaware Baptist Union by an Act of the General Assembly of the State amending its corporate name) executed two several deeds to the said Lichtenstein conveying the land in question to him in fee simple "free and discharged from any and all conditions whatsoever." The first of these deeds contained the following recital:

"Whereas the Trustees of the Delaware Baptist Union Association, consider it for the benefit of the Baptist Denomination, that the hereinafter described lot or piece of land, together with the building thereon erected, should be conveyed to the said party of the second part, in part consideration for the erection of a church building, for the said 'Trustees of the First Swedish Baptist Church of the City of Wilmington', at the Northwest corner of Vandever Avenue and Church Street, in the said City of Wilmington, said party of the second part being one of the contractors for said building."

The complainant by sundry mesne conveyances obtained his title from Lichtenstein.

The bill alleges a contract of sale between the complainant and defendant by which the latter bound himself to buy from the former a good marketable fee-simple title to the land in question free and clear of all liens and incumbrances except an outstanding mortgage which the purchaser agreed to assume as part payment of the purchase price.

The defendant has refused to complete his contract of purchase on the ground that the complainant cannot give him a good, marketable, fee-simple title as agreed.

The answer admits all of the allegations of the bill except as to the existence of a good, marketable fee-simple title in the complainant.

The case was heard on bill and answer.

*Leonard E. Wales*, for the complainant.

*Edward W. Cooch*, for the defendant.

THE CHANCELLOR. The parties not requesting to be heard in oral argument, I directed that they submit briefs. The complainant has submitted a brief, but the defendant has not. He does not desire to do so.

The case of *Trustees of Baptist Church v. Laird*, 10 *Del. Ch.* 118, 85 *Atl.* 1082, controls this one. Indeed the facts in the pending cause present a stronger case for the complainant than do those in the cited one. Here the property, in the event it ceased to be used for a regular Baptist Church, was to go to the Delaware Baptist Union "for the benefit of the Baptist Denomination." There was no such limitation over in the event of termination of purpose in the *Laird Case*. The benefit of the Baptist denomina-

tion could be served by a sale of the property and the securing of cash. The continued use of the land as a site for a church building is not the sole manner in which the benefit of that denomination can be served. The recital in one of the deeds of confirmation shows that the proceeds in fact went to the erection of another church for that denomination. The conveyance to Lichtenstein therefore appears clearly to have been for the purpose of benefiting the Baptist denomination. What was actually done with the property illustrates one of the many possible ways in which a sale could be of benefit to that denomination.

On the showing made by the bill and answer, a decree should be entered for the complainant.