In the Matter of the Petition of EQUITABLE TRUST COMPANY, Trustee under the Will of Theodore B. Rogers, deceased, for Authority to Sell Trust Property.

*New Castle, July 20, 1929.*

*Robert H. Rickards* and *Aaron Finger*, for petitioner.

THE CHANCELLOR. *Section* 3879 of the *Revised Code of* 1915 provides as follows:

"3879. SECTION 36. SALE OF TRUST PROPERTY FREE FROM TRUST; HOW EFFECTED; NO SALE, WHEN TERMS OF TRUST PROHIBIT; PROCEEDS OF SALE HELD SUBJECT TO SAME TRUST; TRUSTEE TO GIVE BOND FOR PRESERVATION OF TRUST:—Upon petition of any trustee having the legal title to any property, real, personal, or mixed, setting forth that the sale and conversion thereof would be beneficial to the person interested in the trust, the Chancellor may, by order made thereon in his discretion, authorize and direct such trustee to sell the whole, or so much as may be proper, of such trust property, and to transfer and convey the same to the purchaser thereof, absolutely and in fee-simple, freed from any trust and without liability on the part of such purchaser as to the application of the purchase money; provided, that in cases where the sale or conversion of trust property has been or may be expressly prohibited by the instrument creating the trust, no sale or conversion shall be taken to be hereby authorized; and provided, moreover, that the proceeds of all sales made under the authority of this section shall be held under and subject to the same trusts as those to which the property sold was subject; and, in cases where real property is to be sold, the trustee thereof shall first give sufficient bond, with surety to be approved by the Chancellor, for the preservation and protection of the proceeds of such sales for the purposes of the trust, and subject to the orders and decrees of the Chancellor in the premises."

The only question which the petition presents is whether or not the will under which the trust was created has in the language of the statute "expressly prohibited" the sale and conversion into money of "Beauclerc Manor," and thus rendered the statute inapplicable.

Two reported cases have arisen in this state in which this court has had occasion to consider this statute. *Trustees of Baptist Church v. Laird,* 10 *Del. Ch.* 118, 85 *A.* 1082; *Aiello v. Simeone,* 14 *Del. Ch.* 265, 125 *A.* 192. The first of these cases held that a trust that the land be used for the sole purpose of a Baptist meeting house to be erected thereon and for a burying ground, contained no express inhibition against a sale and that therefore under the statute a sale and conveyance by the trustee would pass a good title. This case was cited with approval in *Aiello v. Simeone, supra.* It is manifest that there was a strong implication in the language creating the trust in the *Baptist Church Case* that the land should not be sold and thereby diverted

to other purposes. Notwithstanding this, however, the court took the view that the implication fell short of an express prohibition, and so disregarded it. This view was taken, apparently, entirely aside from any considerations having to do with the charitable nature of the trust, and in the light solely of the statute.

In *Latta v. Louisville Trust Co., et al.*, 198 *Ky.* 45, 247 *S. W.* 1103, it was said that a prohibition against alienation appearing in a will or deed creating a trust, to be operative, must be so clear and free from doubt as to leave the court no room for misconstruing the language. Whether when that case was decided there was any such statute in Kentucky as we have here, the report of the case does not positively state. Inasmuch, however, as the court, if there was no statute, was apparently governed nevertheless by decisional law to the same practical effect as our statute, I regard the Kentucky case as one in point here. In that case the wish of the testator that his estate should "be held together as a whole" for a certain length of time, was held, however strong its implication against a sale might be, not to constitute a sufficiently clear prohibition against a sale to forbid the authorization of one if the best interests of the trust would be· subserved thereby.

Under the language of our statute, the sale and conversion of trust property is permitted in the interests of the estate unless *expressly* prohibited by the instrument creating the trust. The statute is founded in a wise policy, for it is manifest that if trust property is required to be kept in its original form, great loss due to changing conditions is in danger at all times of being visited upon the trust's beneficiaries. To guard against such a possibility the statute was evidently enacted and it should receive a liberality of construction in favor of the purpose it is designed to serve. The word "expressly" should be, I will not say literally, but almost literally regarded.

With this viewpoint of liberality in favor of the power of trustees conferred by the statute when supported by the order of the Chancellor, let us examine the language of the testamentary instrument under which the petitioner is acting.

There is certainly no express prohibition of the power imposed

by the will. What the will does is to confer a power of sale on the trustee generally, and then to except from that general grant of authority any power to dispose of "Beauclerc Manor." The substance of the situation is that with respect to all of the property embraced within the trust, the trustee is given a power to sell and convert by virtue of authority derived from the will alone and without the necessity of applying to the Chancellor for his approval—all except "Beauclerc Manor." To say that because the testator did not wish to confer on his trustee the power of selling the manor on the trustee's own motion, he must thereby have expressly indicated a wish that the trustee could not sell it on the Chancellor's authorization under the statute which was enacted some ten or twelve years before the testator's death, is not permissible. There is no irreconcilability between an exception of the manor by the testator from a power conferred on his trustee to sell property generally, and a power left in the trustee to sell under the statute on the authority of a court order. There being no such irreconcilability, whatever implication against a sale of "Beauclerc Manor" the will may contain is not so plainly directed against its sale under authority of the statute as to amount to an express prohibition of the power.

Order accordingly.