IN THE MATTER OF THE TRUSTS UNDER THE WILL OF ELIZABETH B. McCOMB, DECEASED.

*New Castle, July* 17, 1940.

*Robert H. Richards* and *Charles F. Richards*, of the firm of Richards, Layton and Finger, for petitioner Wilmington Trust Company, trustee.

THE VICE-CHANCELLOR: From the petition it appears that the testatrix gave her residuary estate of realty and personalty, in trust, to pay the income to her children and, upon the death of the survivor of them, "to make division of the principal or corpus of said residue in equal portions among" her grandchildren then living, with substitutionary provisions for the issue of deceased grandchildren. The surviving child died in April, 1939. At that time all of testatrix' grandchildren, twelve in number, were living. Since the death of the surviving child, the trustee has made division of a part of the corpus. There remains undistributed four parcels of real estate of comparatively small value which cannot be physically divided among the twelve grandchildren. The latter do not wish to accept a conveyance of these parcels or of any interests therein as a part of their respective shares, and have requested the trustee to divide the whole of the trust corpus and pay them their shares separately. The trustee avers that in order for it to complete its sole remaining duty of dividing the entire corpus in equal shares and delivering to each grandchild his or her respective share, it would be necessary to sell and convert the real estate into money; and that such sale and conversion would be beneficial to the grandchildren, the only persons now interested in the trust. There is a prayer for an order authorizing and directing the trustee to sell the real estate at public or private sale, in its discretion, and to convey the land to the purchaser in fee simple, free from any trust; the proceeds to be held under the same trusts as those to which the property is now subject.

With the petition is also presented a writing signed and verified by all of the beneficiaries, in which they admit to be true and adopt the statements set forth in the petition, consent to the making of an order of sale as prayed for, and subject themselves to the jurisdiction of this court for any appropriate relief herein.

The statute under which this petition was filed, *Revised Code of Delaware* 1935, *Section* 4403, is the same as *Section*

3879 of the *Revised Code of* 1915, and under that designation is quoted in full in the case of *In re Petition of Equitable Trust Co.,* 17 *Del. Ch.* 21, 22, 147 *A.* 231. This statute has been considered in other cases: *Trustees of Baptist Church v. Laird,* 10 *Del. Ch.* 118, 85 *A.* 1082; *In re McCaulley's Will,* 14 *Del. Ch.* 383, 127 *A.* 81; *Delaware Trust Co. v. duPont,* 22 *Del. Ch.* 166, 194 *A.* 31. The wisdom of its enactment has been recognized; and it has received and should receive a liberal construction in favor of the purpose it is designed to serve. That purpose is to provide a means for a trustee to obtain authorization for the sale and conversion of trust property, whenever the particular circumstances indicate that such would be beneficial to those interested in the trust; excepting only cases in which a sale is expressly prohibited by the instrument creating the trust. It is hardly necessary to comment that the act does not limit or impugn the validity or breadth of a power of sale which the trust instrument itself confers, expressly or by implication.

The instant case calls for the operation of the statute. The trustee has legal title to the property. Although the time for distribution has arrived and the ultimate distributors have been determined, this trust has not terminated in so far as the real estate is concerned, for the trustee has not discharged its duty to make division of it. Sale or conversion is not prohibited by the will. That a sale would be beneficial to the interested parties sufficiently appears from the fact that it will permit equal division, directed by the will, of a part of the corpus, in accordance with the wishes and recommendations of the trustee and all beneficiaries. The latter having consented, and it appearing otherwise unobjectionable, the request that the trustee be permitted to elect whether to sell at public or private sale should be granted. The precise conditions of a sale are left by the statute to be dictated by the exigencies of the specific case.

An order accordingly will be advised.